## THE PEOPLE, Respondents, *v.* JAMES WATERS, Appellant.

RECORD IN A CRIMINAL CASE—EXCEPTIONS.—Any matter not otherwise forming a part of the record, must be made so, by a bill of exceptions.

IDEM.—All the formalities required by the statute to be observed in a criminal case, are not required to be made a part of the record.

PRESUMPTIONS.—This court can not presume that anything was omitted to be done, by the court below, that the law requires to be done, to insure a fair trial; but must presume, in the absence of any showing to the contrary by the defendant, that everything necessary to be done was done.

RECORD—MATTERS NOT A PART OF.—The statute does not require that the fact of the arraignment, or that the jury was admonished at each adjournment of the court, or that the officer in charge of the jury was sworn, should be made a part of the record of the action.

CRIMINAL LAW.—The formalities required by our statute to be observed, in the trial of felonies, are the same in one class or grade as in any other class or grade.

APPEAL from the district court of the third judicial district, Oneida county. The defendant was indicted for the crime of murder, and convicted of murder in the first degree. From the judgment of death, rendered upon that conviction, he appealed. After argument upon that appeal, at this term of the court, the judgment of the district court was affirmed; but no opinion was given in writing thereon. The following opinion was given upon a petition for a rehearing.

*L. P. Higbee and V. S. Anderson,* for the appellant.

*F. E. Ensign and J. W. Huston,* for the respondents.

WHITSON, J., delivered the opinion. HOLLISTER, J., concurred specially in the judgment. NOGGLE, C. J., dissented.

This cause comes before us upon a petition for a rehear-

ing, this court or a majority of it having at the present term affirmed the judgment of the court below. The points to which our special attention has been directed as reasons why the petition should be granted are substantially:

1. That the record in the cause shows no formal arraignment of the defendant.

2. That the record does not show that the officer in charge of the jury, at each adjournment, or during their deliberations upon a verdict, was sworn as provided by sections 379 and 388 of the criminal practice act.

3. That the record does not show that at each adjournment of the court the jury was admonished as provided by section 380 of such act.

It is urged by defendant's counsel, that all these things being required by the law, must appear affirmatively by the record. We are fully aware that courts have held strictly to the doctrine of requiring everything to appear of record which the law enjoins in the trial of a person charged with a felony. Our statute, however, while it requires all the formalities known to the common law, has provided, by section 449, what shall constitute the record of the action. By section 479 it is provided what shall be sent to this court for our consideration on appeal, to wit: "A copy of the notice of appeal and of the record." Any matters not a part of the record must be taken advantage of by a bill of exceptions, which, when properly settled and signed by the judge, becomes a part of the record..

In the absence of any exception, as to those matters not required to be made a part of the record, no error can be presumed; and if such did exist, this court is powerless, in the absence of any effort on the part of defendant's counsel, to bring those matters properly here. It does not appear by the bill of exceptions that the court failed to do, or to have done, either of the things complained of in this petition.

It is true that the defendant is not bound to make a record, or to except to any error committed in his trial, which appears in the record proper of the cause, but if any substantial right has been denied him, or the court failed

to do, or require to be done, any of the things essential to a fair trial, not required to be made of record, he must take advantage of it by exception, and force upon the record something which is not, by operation of law, a part of it.

In the case of the *People* v. *Corbett*, 28 Cal. 328, under a statute exactly like ours, the court says: "If the defendant had, at any time anterior to the trial, pleaded not guilty, the defects in the arraignment, or rather the omission to arraign, might have been cured on the ground of waiver." In that case there was no plea whatever, and the court held that there was nothing for the jury to try. In the case of *Jacobs* v. *The Commonwealth*, 5 Serg. & R. 317, the supreme court of Pennsylvania, while it did not sanction the practice, held that no record of the arraignment was necessary in cases of felony, except capital cases. Our statute makes no distinction in favor of one felony more than another as to the formalities to be observed, and if they can be dispensed with in one instance they may in any, so far as appearing upon the record is concerned. We think, however, with the supreme court of Pennsylvania, that these omissions in the practice ought not to be sanctioned.

Section 243, of the criminal practice act, provides that "No indictment shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon, be affected by reason of any defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant." Again section 486, of the same act, provides, that "after hearing the appeal, the court shall give judgment without regard to technical error or defect, which do not affect the substantial rights of the parties."

But it is urged that these are substantial rights. Be it so; but it is not a substantial right to have these things appear in the record, and it does not appear that the defendant has been deprived of them, and as before stated, that not required to be made of record must be taken advantage of, affirmatively, by the defendant. Does, then, the record, required by law, show a proper and legal conviction of the defendant, or does it show error? We think it shows no

error, and further that the defendant has failed to show error *de hors* the record.

Having dissented from the opinion of a majority of this court affirming the judgment of the court below, it might not be improper to give my reasons here for not granting this petition. A majority of this court do not differ upon the illegality of the act of the legislature, providing for seven grand jurors, instead of what they are pleased to term, " a common law grand jury," while on the other hand, I hold that it is a rightful subject of legislation, and entirely within the control of the law-making power of the territory. Therefore any new trial by the court below could not rectify that error, if error it be.

It has repeatedly been held that the states may even abolish grand juries entirely, and that article 5 of the amendments to the constitution of the United States has no reference to any crimes, except those of which the federal courts have cognizance.

Any other construction would deprive the states of legislating upon the subject to the extent of abolishing grand juries, or of reducing the number below twelve. There is not even an inference to be deduced from any law of congress, admitting any of the states into the union, or in fact any other law, that the states may not legislate upon this subject, and if it be the right of a person to be indicted or presented, by a grand jury, before he shall be held to answer for a capital, or otherwise infamous crime, by what process of reasoning can the conclusion be reached, that by becoming a resident of a state a person has surrendered his rights under the constitution to be indicted or presented by a grand jury, before he can be tried? But the legislature of this territory has not even attempted to deprive a person of the right to be indicted or presented by a grand jury, but only reduced the number to seven instead of twelve or more. Can it with reason be urged that not less than twelve can constitute a grand jury? If such were the construction, even congress could not reduce the number without amending the constitution of the United States. Congress, by the provisions of our organic act, has confided

to us the manner and form of disposing of all those questions arising as to the rights of person and property of our people, not inconsistent with the constitution of the United States, and the provisions of that act, with certain exceptions, and this act of the legislature, not being inconsistent with either, it seems to me that it is a proper subject of legislation.

For the reason above stated the petition for a rehearing is denied.

HOLLISTER, J. I dissent from the views entertained by Justice Whitson respecting the validity of the law of the legislature, passed at its seventh session, prescribing the number of grand jurors, and fully concur with him upon all the other points, raised upon the petition for rehearing, which are stated in his opinion.