(February 21, 1895.)

## STATE v. HURST.

[39 Pac. 554.]

EVIDENCE—INSANITY—OPINION OF WITNESS, WHEN ADMISSIBLE.— Where the plea of insanity is interposed, it is sufficient for the state, in offering testimony in rebuttal of such plea, to show by witnesses upon its part, that they had an intimate acquaintance with the defendant for years and up to the time of the homicide to qualify such witnesses to testify as to their opinion, as to the insanity of defendant.

INSTRUCTIONS—EXCEPTIONS TO MUST BE TAKEN BEFORE VERDICT.— Where the record shows that all instructions given were given by the court, and does not show that any were given upon request or suggestion of either party, the presumption is that all of the instructions were given by the court upon its own motion and in such case, to entitle exceptions thereto to be heard, the record must show that such exceptions were taken before verdict.

ERROR NOT APPEARING IN RECORD.—Where no error appears in the record prejudicial to the defendant the judgment will be affirmed.

(Syllabus by the court.)

APPEAL from District Court, Oneida County.

O. W. Powers, D. C. McDougall, and C. F. Stone, for Appellant.

We do not contend that a nonexpert may not give testimony as to the sanity or insanity of a man, but we do insist, and all the authorities sustain our position, that the witness must so far as he can first detail all the facts and circumstances upon which the opinion is founded in order that the jury may judge of the

value of the opinion. (Rogers on Expert Evidence, 8, 9, 157; *Baubien v. Cicotte,* 12 Mich. 456; *People v. Hopt,* 9 Pac. 407, 4 Utah, 247; *Lester v. Pittsford,* 7 Vt. 158, 181; *Morse v. Crawford,* 17 Vt. 499, 502, 44 Am. Dec. 349; *Pidcock v. Potter,* 68 Pa. St. 342, 8 Am. Rep. 181.) The court erred in charging the jury that if the defendant shot the deceased, then, no matter what the provocation was, and no matter what the surrounding circumstances, unless the shooting is justifiable as explained, the defendant is guilty of murder, provided the jury further believed beyond a doubt that the defendant did the shooting with the premeditated design of killing deceased. This took the whole question of adequate provocation from the jury. A man, when overborne with intense passion, may shoot with a premeditated design to kill, and yet he is not guilty of murder. (*Biggs v. State,* 29 Ga. 723, 76 Am. Dec. 630; *People v. Hurtade,* 63 Cal. 288.) "The giving of instructions which are inconsistent with or contradictory with each other is error, for the reason that the jury will be as likely to follow one as the other, and it cannot be known which they followed. In such a case the judgment must be reversed." (2 Thompson on Trials, 2326, and cases cited; *Illinois Cent. R. R. v. Moffitt,* 67 Ill. 431.)

George M. Parsons, Attorney General, and Hawley & Puckett, for the State.

"One not an expert may give an opinion founded on observation that a certain person is sane or insane." (Lawson on Expert and Opinion Evidence, rule 64, subrule 4, p. 476.) "Mere opinion, as such, is inadmissible; but when it is shown that the witness has had an opportunity of observing the character then his judgment or belief, formed upon such observations, is evidence for the consideration of the jury." (Gaston, J., in *Clary v. Clary,* 2 Ired. 78, cited and approved in *McRae v. Malloy,* 93 N. C. 154, 160; *Bladwin v. State,* 12 Mo. side pp. 223-238; *Reed v. State,* 62 Miss. 405-408; *Clark v. State,* 12 Ohio, 483, 40 Am. Dec. 481; *Hardy v. Merrill,* 56 N. H. 227, 22 Am. Rep. 441; *Grant v. Thompson,* 4 Conn. 203, 10 Am. Dec. 119; *Baedurn v. State,* 12 Mo. 223.) While the law presumes one accused of crime innocent until the contrary is proven beyond

a reasonable doubt, we also contend that the law presumes him sane, and that the burden of proving insanity is upon the defendant, at least to the point of raising a doubt of his insanity; many courts go even further, and hold that the insanity must be established beyond a reasonable doubt, while others only require that the insanity shall be established by a preponderance of evidence. The question has been before this court and was exhaustively considered in the case of *People v. Walter,* 1 Idaho, 386-391; Brown on Medical Jurisprudence and Insanity, sec. 520; *People v. Pico,* 62 Cal. 50; *People v. Messersmith,* 61 Cal. 246; *Bond v. State,* 23 Ohio St. 349; *State v. Jeddis,* 42 Iowa, 264; *State v. Jones,* 64 Iowa, 349, 17 N. W. 911, 20 N. W. 470; *Plake v. State,* 121 Ind. 433, 16 Am. St. Rep, 408, 23 N. E. 273; *Wright v. People,* 4 Neb. 407; *State v. Redemeier,* 71 Mo. 173, 36 Am. Rep. 462.

HUSTON, J.—The defendant was convicted of murder in the second degree. From that judgment this appeal is taken, as also from the order refusing a new trial. The defense of defendant was insanity. Errors are alleged as to the admission of certain evidence on the part of the state upon the question of insanity. The defense having introduced their testimony in support of such plea, the state, in rebuttal thereof, offered evidence which was admitted over the objection of defendant. To the ruling of the trial court in this behalf, exception was taken. Concisely stated, the contention of the defendant is that the court erred in the admission of the opinions of nonexpert witnesses, upon the part of the state, upon the question of the sanity of the defendant, without the proper or requisite predicate having been shown. Numerous witnesses were examined, on the part of the state, upon this issue; and as the questions propounded, and the answers given in response thereto, are substantially the same, they will all be considered under this objection.

It is contended by appellant that, while the weight of authority is in favor of the admissibility of the opinion of nonexpert witnesses upon the question of insanity, before such opinion can be given by such witnesses it is necessary that the competency of the witness to give it should be established by

evidence of his acquaintance with the defendant, and with his
character, habits and disposition. Conceding this to be the
true construction of the rule, let us apply it to the present case.
Several witnesses were introduced by defendant, who testified
variously as to the pedigree, peculiarities, etc., of the defendant,
all tending to the establishment of the theory of insanity.
The state than introduced various witnesses, the consensus of
whose evidence was to this effect: "Have known defendant for
past sixteen or twenty years. Have seen him almost daily,
Have done business with him frequently. Saw him just pre-
vious to, and immediately after, the homicide. From my
knowledge of defendant, and from my acquaintance with him,
I consider him sane." What more does the rule require, even
under the construction contended for by the appellant? What
more could be required? Suppose the prosecution should at-
tempt to go into a detail of circumstances. What would the
inquiry be properly and necessarily limited to? "Do you know,
or are you acquainted with, any particular acts, words or state-
ments of the defendant indicative of sanity?" That is about
the extent. It seems to us counsel overlooked the fact that in
this inquiry the prosecution are only required to, and are only
seeking to, establish the negative of the defendant's plea of
insanity; and that line of inquiry which would be eminently
proper upon cross-examination of the witnesses for the state by
defendant would be essentially out of place in their examination
in chief. We have examined with considerable care the cases
cited by counsel for the appellant, and we have found nothing
in any of them which militates against our view. A party
pleading insanity in defense of a crime assumes the burden of
proving such insanity. Incidents and circumstances may be of-
fered in support of such plea, but how are you going to prove
sanity by incidents and circumstances? It would entail un-
necessary and unavailable labor to review in detail the numerous
authorities cited in support of a contention which we consider
untenable. The evidence offered by the defense in support of
the plea of insanity was, in our view, scarcely sufficient to call
upon the state for rebuttal, or to require of the court the elabo-
rate instructions given upon the subject. We think the verdict
of the jury is fully sustained by the evidence, and that they

were neither confused nor misled by the instructions of the court, or the voluminous and inconsequential evidence intended to support the plea of insanity. The record shows that the evidence in support of the plea of insanity was of the most unsatisfactory and inconclusive character. The hypothetical questions put by counsel for defendant to the medical witnesses were, as stated by the counsel, predicated upon facts "assumed to be true," and yet every material alleged fact stated in such questions was disproved by an overwhelming preponderance of testimony. It was an ingenuously prepared epitome—or, rather, elaboration—of the defendant's case, from his standpoint. Unfortunately for him, it was not sustained by the proofs.

Counsel for appellant bases his argument, both oral and in his brief, largely upon an assumed state of facts, which assumption is not only not supported by the evidence in the record, but is, in nearly every particular, overcome by a preponderance of testimony. If the facts assumed by counsel in his argument had been established by proof, there would have been neither occasion nor excuse for resorting to the plea of insanity. But, instead of being established, they were completely overthrown, by the evidence; and this conclusion is accentuated by the fact that the defendant, instead of relying on a defense which would have been conclusive upon the facts assumed, abandons that defense, and resorts to the last refuge—the plea of insanity. The intelligence of the country is becoming weary of this plea. The wisdom of God and the enlightened experience of man are constantly sought to be overcome by the speculative ingenuity of men in the defense and extenuation of crime; and courts are constantly called upon to wrestle with these intricately devised propositions, which, if once given recognition by the judicial mind, would inevitably result in the utter inutility of all laws for the punishment of crime. The evidence of this case establishes, by a most unmistakable preponderance, that the homicide charged was not only premeditated, but was without any apparent excuse or justification. A careful and laborious consideration of the record convinces us that the jury reached their conclusion upon the facts proved, and that in so doing they mercifully gave the defendant the full measure of extenuation warranted by the evidence. When we have reached the conclu-

sion that crime is a disease which can be defended, excused, or extenuated upon a plea of emotional, mental aberration, hypnotism, heredity or any other of the multitudinous excuses which the ingenuity of counsel, aided by the abstruse speculations of scientists, may intimate or suggest, it were better that we should delegate the administration of the criminal law to the medical scientists.

Counsel for appellant takes exceptions to the instructions of the court. It is impossible for us to conclude from the record what instructions were given by the court on its own motion, and what on the request of parties. No exception was taken at the time to any instructions, and, in the absence of anything in the record to the contrary, we must presume that all of the instructions were given by the court upon its own motion, and to such instructions we have heretofore held (*State v. Schieler,* ante, p. 120, 37 Pac. 272) that exceptions must be taken before the case is submitted to the jury.

Appellant objects to the allowing, by the trial court, of the assistant counsel for the state to make the closing argument. This has always been the practice in this jurisdiction, and there is nothing in the statute prohibitory of it. We are convinced, upon a careful review of the entire record, that the defendant had the full benefit of a fair and impartial trial; that the record discloses no errors which can reasonably be considered as prejudicial to the defendant. Order and judgment of district court affirmed.

Morgan, C. J., and Sullivan, J., concur.