(January 25, 1907.)

## STATE, Respondent, v. JAMES O'BRIEN, Appellant.

### [88 Pac. 425.]

CRIMINAL LAW—RIGHT TO CHALLENGE JURY—FAILURE TO ADMONISH JURY—PRESUMPTION OF REGULARITY OF PROCEEDINGS OF COURT OF RECORD—INSTRUCTIONS BY THE COURT—EXCEPTIONS TO INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS.

1. Under the provisions of section 7826, Revised Statutes, the court, or some one under its direction, is required to instruct the defendant of his right to challenge an individual juror, and that if he desires to do so he must exercise the right before the jury is sworn, but the fact that such duty was performed is not required to be shown by the record which constitutes the judgment-roll on appeal.

2. All presumptions are in favor of the regularity of the proceedings of a court of record, and in the absence of any showing to establish the fact as to whether or not the court has complied with the requirements of the law in the trial of a case, the presumption is that it has so complied.

3. Under the provisions of section 7946, Revised Statutes, all written charges presented and requested by either the state or the defendant are deemed excepted to as a matter of law, and such exceptions need not be embodied in a bill of exceptions in order to have them reviewed on appeal.

4. Under section 7940, Revised Statutes, the defendant is required to take exceptions to any and all instructions given by the court on its own motion which he deems to be prejudicial to him or contrary to law, and in order to have such exceptions reviewed on appeal they must be embodied in a bill of exceptions.

5. On a prosecution for burglary, where the defendant was convicted of burglary in the first degree, and the evidence is not before the court, the court will not presume error, because of the failure of the court to define larceny in the instructions to the jury.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Hon. Ralph T. Morgan, Judge.

Defendant was convicted of the crime of burglary and sentenced to a term of twelve years in the state penitentiary. *Affirmed.*

Carl A. Davis, for Appellant.

Before a juror is called, the defendant must be informed by the court, or under its direction, that if he intends to challenge an individual juror he must do so before the jury is sworn. (Rev. Stats., sec. 7826.) The failure of the record to show that defendant was acquainted with his rights under this law, since it appears that he did not exercise the privilege of challenging any of the jurymen, indicates that he was ignorant of what was authorized by the law to secure an impartial and unprejudiced jury.

The definition of larceny is one of the most important elements of the accurate definition of burglary, when the charge is the entering of a railroad car with the intent to commit larceny therein. The jury should be instructed as to what larceny is under the law in order that the members may be properly informed as to when burglary based on an intent to commit larceny has been in reality committed.

Instructions to the jury should cover fully and define all offenses included in the main offense charged. (*Walton v.*

*State,* 29 Tex. App. 163, 15 S. W. 646; *State v. Yohe,* 87 Iowa, 33, 53 N. W. 1088; *People v. Taylor,* 36 Cal. 255, 267; *People v. Ramirez,* 13 Cal. 173.)

J. J. Guheen, Attorney General, and Edwin Snow, for Respondent.

At folio 18 of the record it affirmatively appears that four jurors were peremptorily challenged. We cannot see, therefore, even if a showing were made that the court disregarded its duty, that the defendant was prejudiced in any particular. He was represented by counsel, and as is said in the case of *People v. Elsworth,* 92 Cal. 594, 28 Pac. 604: "The appellant suffered no prejudice from neglect of the court to inform him of his right to challenge jurors as provided in section 1066 of the Penal Code, as he was represented by counsel, unless we are to assume that his counsel was incompetent."

The record fails to show that an exception was taken to any of said instructions at the time of the trial. "Where instructions are given by the court upon its own motion, they must be excepted to before the verdict, to be considered here." (*State v. O'Donald,* 4 Idaho, 343, 39 Pac. 556; *State v. Hurst,* 4 Idaho, 345, 39 Pac. 554; *People v. Biles,* 2 Idaho, 114, 6 Pac. 120.)

The next reason why the instructions given by the court of its own motion cannot be considered here is that they are not incorporated in a bill of exceptions. (*People v. Williams,* 2 Idaho, 366, 16 Pac. 552; *People v. Woods,* 2 Idaho. 364, 16 Pac. 551; *State v. Walter,* 1 Idaho, 386; *State v. Watkins,* 7 Idaho, 35, 59 Pac. 1106.)

In an indictment for burglary drawn under the statute it is not necessary to allege the value of the property intended to be stolen. (*People v. Stapleton,* 2 Idaho, 47, 3 Pac. 6.) It is, therefore, apparent that the distinction between grand and petit larceny has no place in an instruction on a trial for burglary because it is entirely immaterial what was the value of the property with respect to which the larceny was intended to be committed. (*Tarver v. State,* 95 Ga. 222, 21 S. E. 381.)

SULLIVAN, J.—The defendant was convicted of the crime of burglary, in the first degree, and sentenced to serve a term of twelve years in the state penitentiary. This appeal is from the judgment alone. None of the evidence given on the trial is contained in the record and this appeal is presented on questions of law alone.

The first error assigned is that the appellant was not given a fair and impartial trial, for the reason that the record failed to show that he was ever informed by the court or by anyone under the direction of the court before the jury was called, or at any time, that if he intended to challenge an individual juror he must do so before the jury was sworn. This assignment is based on the fact that the record fails to show that the defendant was so informed of his rights. That question was disposed of in the case of *State v. Suttles* at this term of the court. (See *ante,* p. 88.) It was there held that the fact that the defendant was informed of his rights under the statute is not required to be shown by the record, and that all presumptions are in favor of the regularity of the proceedings of a court of record.

The second error assigned is the giving of instructions 7, 9 and 11. These were instructions given by the court on its own motion, and no exceptions thereto were taken and embodied in a bill of exceptions, and for that reason cannot be reviewed here. This court held in *State v. Suttles, supra,* that it was obligatory upon the defendant to except to any and all instructions given by the court on its own motion at the time given, and if he failed to do so, he was deemed to have waived any objections thereto, and that in case such exceptions were relied on upon appeal they must be settled and saved by a bill of exceptions. As that was not done in this case we cannot review the instructions given by the court on its own motion.

The third error assigned is the refusal of the court to give the instructions asked for by the defendant. Under this assignment counsel for appellant contends that the court erred in refusing to give instruction No. 3 requested by the defendant, which instruction defines larceny in the language

of the statute. By the information the defendant was charged with the crime of burglary, and that crime was defined by the court in its instructions to the jury. Under the provisions of section 7886, Revised Statutes, the court in charging the jury must state to them all matters of law necessary for their information, and on the trial of a defendant for the crime of burglary there might be a necessity for defining the crime of larceny to the jury, but whether it was necessary in the case at bar for the court to so charge the jury we cannot ascertain, as the evidence is not before us, and the presumption is that the court would have defined larceny to the jury if the evidence in the case showed that it was necessary to do so. As the record fails to show the necessity of such an instruction, we cannot say that the court erred in refusing to give it. We find no error in the record and the judgment is affirmed.

Ailshie, C. J., concurs.