(March 6, 1916.)

STATE, Respondent, v. WILLIAM W. LOTTRIDGE, Appellant.

[155 Pac. 487.]

CRIMINAL LAW — APPELLATE PRACTICE — PRESUMPTION THAT LAW WAS COMPLIED WITH BY COURT OF RECORD—SUFFICIENCY OF INDICTMENT OR INFORMATION.

1. Under the law as it existed prior to the amendment of the appellate practice by the thirteenth session of the legislature (Sess. Laws 1915, pp. 319 to 324, inclusive), the only method of procuring a review in the supreme court of the evidence in a criminal case was by means of a bill of exceptions containing the evidence, or upon appeal from an order granting or denying a motion for a new trial.

2. While sec. 7855, Rev. Codes, requires the indictment or information in a felony case to be read and the plea to be stated to the jury, there is no statute expressly requiring a record to be kept of it, and, in the absence of a specific statutory requirement directing that such fact be recorded, the presumption is, when the record

On the question of check as subject of embezzlement, see note in 24 L. R. A., N. S., 498.

is silent upon that point, that the proceedings were regular and that the law was complied with.

3. An information which contains a statement of the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know . what was intended, and which contains no defect or imperfection, in matter of form, which tends to the prejudice of any substantial right of the defendant upon its merits, and which contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and which is sufficiently specific, definite and certain to enable him, in case another proceeding is taken against him for the same offense, to plead his former acquittal or conviction, is not subject to demurrer.

4. Even though a credit, in the nature of an overdraft, is intangible property, it may be in the custody and control of one not its owner, and may be feloniously converted to his use, and the owner may be deprived of it. Sec. 60, chap. 124, Sess. Laws 1911, makes such a credit the subject of embezzlement by a cashier or other officer or agent of a bank or trust company.

[As to what is embezzlement and who may commit it, see note in 87 **Am. St.** 19.]

APPEAL from the District Court of the Sixth Judicial District for Lemhi County. Hon. J. M. Stevens, Judge.

Appellant was convicted of embezzlement. *Affirmed.*

J. M. Stevens, C. R. Clute and E. W. Whitcomb, for Appellant.

After the jury had been impaneled and sworn, the information was not read and the plea of the defendant stated to the jury. (Sec. 7855, Rev. Codes; *State v. Chambers,* 9 Ida. 673, 75 Pac. 274; *People v. Corbett,* 28 Cal. 328; *People v. Monaghan,* 102 Cal. 229, 233, 36 Pac. 511; *Crain v. United States,* 162 U. S. 625, 640, 16 Sup. Ct. 952, 40 L. ed. 1097, 1101; *State v. Crea,* 10 Ida. 88, 76 Pac. 1013.)

It has been suggested that this court should presume that the proceedings in the court below were regular, and that the discrepancy in the record has occurred through inadvertence and mistake in making up the judgment-roll. (*State v. Walton,* 50 Or. 142, 91 Pac. 490, 13 L. R. A., N. S., 811.)

"But the judgment-roll, although prepared by the clerk, is the record of the court. To it alone can we look to ascertain what the action of the court below was, and upon it determine whether an error was committed." (*Schirmer v. People,* 33 Ill. 276.)

It is impossible, in the very nature of things, for the defendant to have committed the crime of which he has been charged and convicted, because it is impossible for one to embezzle an overdraft. An overdraft is considered by bankers and construed by the courts to be a loan. (*Bacon v. United States,* 97 Fed. 35, 38 C. C. A. 37; *United States v. Allis,* 73 Fed. 165.)

"The property alleged to have been embezzled must be described, and the language used should be sufficiently definite to identify the property and show that it was such as may be the subject of embezzlement." (2 Ency. Pl. & Pr. 424; *Commonwealth v. Merrifield,* 4 Met. (Mass.) 468; *State v. Edson,* 10 La. Ann. 229; *Grant v. State,* 35 Fla. 581, 48 Am. St. 263, 17 So. 225.)

"Unless the owner is deprived of the thing [the money or property] involved in the transaction, there can, of course, be no embezzlement. The owner must be deprived of the use of the thing claimed to be embezzled, by an adverse use or holding." (*Higbee v. State,* 74 Neb. 331, 104 N. W. 748; *Chaplin v. Lee,* 18 Neb. 440, 25 N. W. 609; *People v. Hemple,* 4 Cal. App. 120, 87 Pac. 227; *State v. Jones,* 25 Ida. 587, 138 Pac. 1116.)

"In a prosecution for embezzlement, the evidence must clearly show the commission of the offense as charged and bring the act within the statute." (15 Cyc. 532; *People v. Goodrich,* 138 Cal. 472, 71 Pac. 509; *Rauguth v. People,* 186 Ill. 93, 57 N. E. 832; *Parli v. Reed,* 30 Kan. 534, 2 Pac. 635; *State v. Williamson,* 118 Mo. 146, 40 Am. St. 358, 23 S. W. 1054, 21 L. R. A. 827.)

J. H. Peterson, Atty. Genl., D. A. Dunning and Herbert Wing, Assts., and A. C. Cherry, for Respondent.

All we can do where there is no motion for new trial or statement properly made on such motion is to look into the

judgment-roll itself (*Caney v. Silverthorne,* 9 Cal. 67), and if this be regular the judgment will be affirmed. (*Burdy v. Steel,* 1 Ida. 216.)

Upon appeal from a judgment alone no objection or exception can be properly considered that does not arise upon and appear from the record or judgment-roll as defined by sec. 7996, Rev. Codes. (*State v. Suttles,* 13 Ida. 88, 88 Pac. 238.)

All presumptions and intendments are in favor of the regularity of the proceedings of courts of record. (*Lowe v. Turner,* 1 Ida. 107; *Goodman v. Minear Min. & Milling Co.,* 1 Ida. 131; *Toulouse v. Burkett,* 2 Ida. 288, 13 Pac. 172; *State v. Preston,* 4 Ida. 215, 38 Pac. 694; *State v. Suttles,* 13 Ida. 88, 88 Pac. 238.)

Where error is relied upon, it must affirmatively appear in the record. (*State v. Haverly,* 4 Ida. 484, 42 Pac. 506; *State v. Corcoran,* 7 Ida. 220, 221, 61 Pac. 1034.)

The failure of a bill of exceptions to state that the indictment was read to the jury does not authorize the assumption that it was not read, though the bill states that it contains a record of all the proceedings had on the trial. (*Ison v. Commonwealth,* 23 Ky. Law, 1805, 66 S. W. 184; *Herr v. Commonwealth,* 28 Ky. Law, 1131, 91 S. W. 666; *People v. Wheatley,* 88 Cal. 114, 26 Pac. 95.)

The information charges embezzlement of "said credit, overdraft and property," and the words "credit" and "overdraft" are the reverse and the obverse sides, respectively, of the same coin. (*Smead v. Chandler,* 71 Ark. 505, 76 S. W. 1066, 65 L. R. A. 353.)

He appropriated it by secreting it through fraudulent manipulation of the books of the bank, so that from those books it appeared that $2,500 of his debt to the bank had been wiped out. (*People v. Lammerts,* 164 N. Y. 137, 58 N. E. 22; *State v. Sage,* 22 Ida. 489, Ann. Cas. 1914B, 251, 126 Pac. 403; *State v. Baumhager,* 28 Minn. 226, 9 N. W. 704.)

In the case of *State v. Sage,* 22 Ida. 489, Ann. Cas. 1914B, 251, 126 Pac. 403, it was held that a check could be embezzled and conviction had for such embezzlement. The prop-

erty represented by a check is no more tangible than the property represented by a credit in this case.

MORGAN, J.—Appellant was accused, by information, of the crime of embezzlement in violation of sec. 60, chap. 124, Sess. Laws 1911 (p. 404). He moved to quash the information and demurred to it upon the following grounds: "1. That said information does not substantially conform to the requirements of sec. 7677 of the Revised Codes of Idaho in this respect, namely: It does not contain a statement of the acts constituting the offense in ordinary and concise language, or in any language in such a manner as to enable a person of common understanding to know what is intended. 2. That the facts stated in said information do not constitute a public offense." The motion and demurrer were overruled and a trial was had, which resulted in a verdict and judgment of conviction. This appeal is from the judgment.

The following specifications of error are assigned in support of the appeal: 1. That after the jury had been impaneled and sworn the information was not read and appellant's plea was not stated to the jury; 2. That the court erred in overruling appellant's first cause of demurrer; 3. That the court erred in overruling appellant's second cause of demurrer; 4. That there is a fatal variance between the proof taken at the trial and the facts charged in the information.

No motion for a new trial was made, and while the record before us contains what purports to be the reporter's transcript of the evidence, it has not been settled by the trial judge as a bill of exceptions, nor does a bill of exceptions, in any form, appear in the record.

The law governing the procedure upon appeal from a district court to the supreme court, in criminal cases, was amended by the thirteenth session of the legislature (chaps. 146, 147, 148, 149 and 150, Sess. Laws 1915, pp. 319 to 324, inclusive), and it is provided in said chapter 150 that "upon an appeal from a final judgment of conviction, if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be consid-

ered and determined to the same extent as on appeal from
an order· denying a new trial, providing a specification of
particulars in which the evidence is insufficient to sustain the
verdict is made in appellant's brief filed with the supreme
court.'' This appeal was taken before the amendment above
quoted became effective, and it must be disposed of according
to the law as it was at the time the appeal was perfected,
and, under that law, the only method of procuring a review
in the supreme court of the evidence in a criminal case was
by means of a bill of exceptions containing the evidence or
upon appeal from an order granting or denying a motion for
a new trial. The evidence in this case not being properly
before us, the assignment of error numbered 4 cannot be
considered.

In support of his first assignment of error appellant relies
upon sec. 7855, Rev. Codes, which provides: ''The jury
having been impaneled and sworn, the trial must proceed
in the following order: 1. If the indictment is for a felony,
the clerk must read it and state the plea of defendant to the
jury. In all other cases this formality may be dispensed
with. . . . . '' The appellant relies upon the cases of *State
v. Chambers,* 9 Ida. 673, 75 Pac. 274, and *State v. Crea,* 10
Ida. 88, 76 Pac. 1013. In the Chambers case this court said:
''The attorney general argues on behalf of the state that a
failure to comply with this statute in such cases is a mere
irregularity which will not warrant the granting of a new
trial, and in support thereof cites *Territory v. Hargrave,*
1 Ariz. 95, 25 Pac. 475; *Osgood v. State,* 64 Wis. 472, 25
N. W. 529, and *People v. Sprague,* 53 Cal. 491.

''We do not think the Arizona case is in point, for the
reason that the record was there silent as to whether or not
the information had been read and the plea stated to the
jury. The court disposed of that point by saying: 'In the
absence of such statement, the presumption is that the indict-
ment was read to the jury in the ordinary way. Legal pre-
sumption is always in favor of judicial proceedings until the
contrary appears.' ''

In this case the record is silent as to whether or not the information was read and the plea stated, so the Arizona case, above referred to, is now directly in point, while in the Crea case, above cited, the record affirmatively showed that the information was not read and the plea of the defendant was not stated to the jury, so that case is not in point.

In case of *State v. Suttles,* 13 Ida. 88, 88 Pac. 238, this court said: "All presumptions are in favor of the regularity of the proceedings of courts of record. In the absence of any showing to establish the fact whether the court did or did not comply with these requirements of law, the presumption of law will at once arise that the court complied therewith and discharged every duty the statute imposed upon it in the trial of the case." In that case the court quoted from the opinion in case of *People v. Waters,* 1 Ida. 560, as follows: "This court cannot presume that anything was omitted to be done by the court below that the law requires to be done to insure a fair trial, but must presume, in the absence of any showing to the contrary by the defendant, that everything necessary to be done was done." And quoting from the case of *People v. Ah Hop,* 1 Ida. 698, the court said: "The presumptions are in favor of regularity of the proceedings in the district courts in criminal as well as in civil cases." In the case of *People v. Wheatley,* decided by the supreme court of California, and reported in 88 Cal. 114, 26 Pac. 95, this contention was disposed of as follows: "The point is made that it was error to proceed with the trial without the reading of the information by the clerk. But there is nothing in the record to show that the information was not read by the clerk to the jury, and we must therefore presume that it was."

While sec. 7855, *supra,* requires the indictment or information in a felony case to be read and the plea to be stated to the jury, there is no statute expressly requiring a record to be kept of it, and, in the absence of a specific statutory requirement directing that such fact be recorded, the presumption is, when the record is silent upon the point, that

the proceedings were regular and that the law was complied with.

Assignments numbered 2 and 3 attack the sufficiency of the information and will be considered together.

Sec. 60, *supra,* provides: ''Every president, director, cashier, officer, teller, clerk or agent of any bank or trust company who embezzles, abstracts or wilfully misapplies any of the moneys, funds, credits, or property of the bank or company, when owned by it or held in trust, . . . . with intent, in any case, to injure or defraud the bank or any person or corporation, . . . . upon conviction thereof, shall be imprisoned in the state prison not to exceed twenty (20) years.'' While embezzlement is not defined in that section, a definition of the term is to be found in sec. 7065, Rev. Codes, as follows: ''Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted''; and sec. 7068 provides: ''Every trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator, or collector, or person otherwise intrusted with or having in his control property for the use of any other person, who fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement.''

Sec. 7657, Rev. Codes, requires that ''the offense charged in all informations shall be stated with the same fullness and precision in matters of substance as is required in indictments in like cases,'' and sec. 7677 provides: ''The indictment must contain: 2. A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.'' Sec. 7687 is as follows: ''No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits.'' (*State v. Ellington,* 4 Ida. 529, 43 Pac. 60.)

The information, which will not be set out here at length, charges that on or about August 21, 1912, in Lemhi county, Idaho, the appellant, being cashier of the Leadore State Bank, and having in his possession and under his care, custody and control and in his trust, as such cashier, a credit in the amount and of the value of $2,557.83, which was the property of the bank and which consisted of an overdraft, in the personal account with the bank of the appellant, which was due and owing to it from him, he, the appellant, did then and there, without the authority or consent of the directors of the bank, wilfully, knowingly, unlawfully, fraudulently, falsely, feloniously and in violation of his trust aforesaid, embezzle, steal, take, appropriate and convert to his own use the said credit, overdraft and property of the bank in the amount and to the value of $2,500 thereof, with the intent, then and there, wilfully, knowingly, unlawfully, fraudulently, falsely, feloniously, and in violation of his trust, to injure and defraud the said bank.

This court in case of *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60, discussing the sufficiency of the indictment and quoting from the case of *Cochran v. United States,* 157 U. S. 286, 15 Sup. Ct. 628, 39 L. ed. 704, said: "But the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." The court further said in that opinion: "An indictment is sufficient if the words employed make the charge clear to the common understanding."

Measured by these rules it appears that this information contains a statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what was intended; it contains no defect or imperfection, in matter of form, which tends to the prejudice of any substantial right

of the appellant upon its merits, and it contains every element of the offense intended to be charged, sufficiently apprised the appellant of what he must be prepared to meet, and in case another proceeding is taken against him for the same offense it is sufficiently specific, definite and certain to enable him to plead a former conviction.

Under his third assignment of error the appellant insists that property, to be the subject of embezzlement, must be something tangible, something one can take, steal, carry or drive away, and that a credit, in the nature of an overdraft, is intangible property and cannot be the subject of embezzlement. It will be observed that sec. 60, chap. 124, Sess. Laws 1911, under which this proceeding was instituted, expressly provides for the punishment of any president, director, cashier, officer, teller, clerk or agent of any bank or trust company who embezzles a credit of such bank or company. An overdraft is in the nature of a loan, and creates the relation of debtor and creditor, and it appears from the allegations of this information that such a debt was due from appellant to the Leadore State Bank, and that he, as cashier of the bank, having this overdraft in his care and custody, embezzled, appropriated and converted it to his own use. Even though a credit is intangible property, it may be in the custody and control of one not its owner, and may be feloniously converted to his use and the owner may be deprived of it. Sec. 60, *supra,* makes such a credit the subject of embezzlement by a cashier or other officer or agent of a bank or trust company.

We find that the information in this case is sufficient, that the facts stated therein constitute a public offense, and that the demurrer thereto was properly overruled. The judgment of the trial court is affirmed.

Sullivan, C. J., concurs.

Budge, J., sat at the hearing but took no part in the decision.