(July 5, 1923.)

STATE, Respondent, v. JACK HUNSAKER, Appellant.

[216 Pac. 721.]

MOTION FOR NEW TRIAL—WHEN FILING OF NOTICE OF INTENTION SUFFICIENT—MOTION TO DISMISS APPEAL AND STRIKE TRANSCRIPT DENIED—SALE OF INTOXICATING LIQUORS—WHEN EVIDENCE SUFFICIENT TO SUSTAIN CONVICTION.

1. Under C. S., sec. 9018, where a defendant serves and files a notice of intention to move for a new trial within ten days after the rendition of the verdict, which notice states the grounds upon which the application is based, and the trial court and counsel treat the same as an application for a new trial, a motion to dismiss the appeal on the ground that a former motion was not made within ten days will be denied.

2. A motion to dismiss the appeal from an order denying a new trial and to strike from the transcript all that part relating to said order will be denied where it appears that a notice of intention was filed within the time, and included the same grounds as the motion for new trial, and an exception was taken to the order denying such motion.

3. Error will not be presumed, but the record must affirmatively show that the error complained of was of a character sufficient to show that appellant was not given a fair trial.

4. The purpose of C. S., sec. 9191, is to admonish the courts in criminal procedure that errors or mistakes which do not tend to prejudice the substantial rights of the defendant should be disregarded.

5. Where on appeal from a judgment of conviction for an unlawful sale of intoxicating liquor, and also from the order denying the motion for a new trial, the record does not contain the evidence, but brief excerpts or partial statements in narrative form of what is claimed to be the substance of the evidence are set out in the bill of exceptions, this court will assume that such evidence was sufficient to support the verdict.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Defendant was convicted of an unlawful sale of intoxicating liquors, and appeals. *Affirmed.*

C. W. Morrison, for Appellant.

The presumption being in favor of the regularity of the proceedings of the court below, error will not be presumed, and must affirmatively appear by the record. (*State v. Larkins*, 5 Ida. 200, 47 Pac. 945; *State v. Suttles*, 13 Ida. 88; 88 Pac. 238; *State v. O'Brien*, 13 Ida. 112, 88 Pac. 425; *Peters v. United States*, 2 Okl. 116, 33 Pac. 1031; *Dempsey v. United States*, 2 Okl. 151, 44 Pac. 382; *Murray v. Hauser*, 21 Mont. 120, 53 Pac. 99.)

If the notice of motion states the grounds upon which a party thereafter will move the court for a new trial, and he after the statutory time moves for a new trial, without any objections made by the adverse party, and without misleading or prejudicing the rights of the adverse party in any respect whatever, the motion to dismiss the appeal will be denied.

"It makes no difference what a party litigant calls a paper or document he files in legal proceedings; the court will look to the purpose, effect and object of the document." (*State v. Wright*, 12 Ida. 212, 85 Pac. 493.)

C. S., sec. 9084, is applicable, not only against the defendant, but also against the state, when it urges a mere technical variance by the defendant from statutory requirements of practice, which appears neither to have misled nor prejudiced the rights of the state. (*State v. Wright, supra.*)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Application for a new trial must be made within ten days after verdict. (C. S., sec. 9018; *State v. Dupuis,* 7 Ida. 614, 65 Pac. 65; *State v. Smith,* 5 Ida. 291, 48 Pac. 1060; *State v. Rice,* 7 Ida. 762, 66 Pac. 87.)

A notice of intention to move for a new trial is not an application for a new trial. (*State v. Smith, supra.*)

An exception must be saved to any order denying a motion for new trial. (*State v. Subisaretta,* 33 Ida. 473, 195 Pac. 625.)

A bill of exceptions must be settled within the time prescribed by statute. (C. S., secs. 9007, 9010.)

In the absence of the evidence and where the indictment is sufficient to support the judgment, the court will assume that the evidence was sufficient to warrant the verdict and will further assume that the trial court's charge to the jury was pertinent to the facts proved on the trial. (*People v. Williams,* 2 Ida. 366, 16 Pac. 552; *People v. Woods,* 2 Ida. 364, 16 Pac. 551.)

Where an appeal is perfected by bill of exceptions this court will not consider the sufficiency of the evidence to sustain the verdict and judgment based thereon. (*People v. Ah Hop,* 1 Ida. 698; C. S., sec. 9011.)

WILLIAM A. LEE, J.—Appellant was charged by information with an unlawful sale of intoxicating liquors. After trial, on March 17, 1922, the jury returned a verdict of guilty as charged in the information, and upon this verdict he was sentenced to a term of imprisonment in the county jail and to pay a fine. On March 20th thereafter he served and filed notice of motion for a new trial, and on March 29th served and filed a motion for a new trial, which included and embraced the same grounds set forth in his notice of motion previously filed. No objection having been made to the motion for a new trial on account of it not having been filed in time, the same was thereafter denied, after a hearing wherein counsel for the state and for appellant participated.

The trial judge certified that the motion was heard upon the minutes of the court, evidence produced at the trial, affidavits for and against the motion, bill of exceptions, notice of motion for new trial, and motion for new trial, all of which were submitted to the trial judge and by him used in said hearing.

The attorney general moves to dismiss the appeal from the order denying appellant's motion for a new trial, upon the grounds that it does not appear that an application for a new trial was made within ten days after the rendition of the verdict, or within any extension of the time given for the making of said application, and that no exception was taken to the order denying the motion for new trial. He also moves to strike from the transcript on appeal all that part of the same relating to the motion for a new trial, for the reason that no exception was taken to the order denying the motion; that no application for a new trial was made within ten days after the rendition of the verdict; and for the further reason that it does not appear from the record that the amended bill of exceptions was presented to the court for settlement or filed with the clerk within the time allowed or any extension thereof, and that said bill of exceptions does not comply with the statutes or rules of this court.

Counsel for the state argue at length that the motion to dismiss and to strike the transcript should be sustained, and refer to C. S., sec. 9018, which provides that an application for a new trial must be made within ten days after the rendition of the verdict, unless the time has been extended, and cite in support of this contention *State v. Smith,* 5 Ida. 291, 48 Pac. 1060, *State v. Dupuis,* 7 Ida. 614, 65 Pac. 65, and *State v. Rice,* 7 Ida. 762, 66 Pac. 87, which appear upon a casual examination to support his contention. But counsel overlook the later case of *State v. Wright,* 12 Ida. 212, 85 Pac. 493, wherein R. S., sec. 7953, which is the same as C. S., sec. 9018, above referred to, is construed, and it is held that where a defendant files and serves his notice of intention to move for a new trial and states therein the grounds upon which his application is based, and the trial court and respective counsel treat such notice as an application for a new

trial, this court will so treat it, and the appeal will not be dismissed upon the ground that a formal application has not been made. By reference to the record, it will be seen that paragraphs 2 to 12, inclusive, of appellant's notice of motion for a new trial are in all respects identical with paragraphs 1 to 11 of his motion for a new trial, filed some nine days later, and that the notice of motion and motion were considered by the trial judge and by counsel for the state without objection.

Under the authority of the Wright case, *supra*, we think the notice of intention to move for a new trial, where it embraced the same grounds as the motion subsequently filed out of time, was properly considered by the trial court as having been filed in time.

As to the contention on the part of the state that no exception was taken to the order denying the motion for a new trial, the sixth paragraph of the bill of exceptions states that: "Due exception was taken to the court's ruling in denying the defendant's motion for a new trial." The state's contention is therefore not in accord with the law or the facts, and is denied.

The further objection on behalf of the state that "it does not appear that the said amended bill of exceptions or a draft was presented to the judge of said court for settlement, etc.," is also without merit. The trial judge certifies that he had on due notice settled and signed the bill of exceptions.

The record discloses that the attorneys for both appellant and respondent had stipulated that the defendant's proposed bill of exceptions, notice of settlement, bill of exceptions, notice of motion for a new trial, motion, and affidavits in support of said motion, had been served upon the prosecuting attorney, and that said motion might be heard by the court.

It is apparent that all the foregoing motions made by the state, and the facts alleged in support of the same, are without support in the record, and all should be denied.

No reporter's transcript appears in the record, but in lieu thereof a bill of exceptions was settled, which contains affi-

37 Idaho.—27

davits submitted in support of the motion for a new trial and brief excerpts from the testimony of several witnesses, from which it may be inferred that the appellant relies for a reversal of this cause upon the insufficiency of the evidence to sustain the verdict, and upon errors in admitting or rejecting certain evidence.

We have examined the numerous assignments of error, but in this state of the record it does not appear that any of the errors complained of are of sufficient merit to warrant a reversal of the cause. It is a well-settled rule of criminal procedure that an appellate court will not presume error, but that the record must affirmatively show that error was committed, of a character sufficiently serious to warrant a reversal. (*State v. Hurst*, 4 Ida. 345, 39 Pac. 554; *State v. Haverly*, 4 Ida. 484, 42 Pac. 506; *State v. Corcoran*, 7 Ida. 220, 61 Pac. 1034.)

C. S., sec. 9191, provides that neither a departure from the form or mode prescribed by the code in respect to any pleading or proceeding, nor any error or mistake therein, renders it invalid unless it has actually prejudiced a defendant or tended to his prejudice in respect to a substantial right. While this statute does not authorize a departure from the settled rules of law, to such an extent that a defendant may be deprived of any of his substantial, fundamental rights in the course of a criminal prosecution, however conclusive as to his guilt the evidence may be, it does admonish the courts that in criminal procedure, errors and mistakes that do not tend to deprive him of any substantial right should be disregarded, and cannot amount to reversible error.

In *People v. Woods*, 2 Ida. 364, 16 Pac. 551, it is held that on an appeal from a judgment in a criminal case, where no part of the evidence is presented by bill of exceptions or otherwise, and the indictment is sufficient to support the judgment, the supreme court will assume that the evidence was sufficient to warrant the verdict, and that the charge of the trial court to the jury was pertinent to the facts proved on the trial. To the same effect is *State v. Watkins*, 7 Ida. 35, 59 Pac. 1106.

While it cannot be said in the instant case that this record does not contain any of the evidence, exceptions 1 and 2 of the bill of exceptions set forth certain questions propounded to one Holton as to whether or not he had purchased whiskey from C. J. Moss in Salt Lake City some two years before. Upon the state's objection the court held that the selling of liquor to the witness had nothing to do with this case, which ruling was clearly right. Under exception 2 the witness Moss was asked how much he did spend for whiskey at Rigby, Idaho. It appears that Moss was one of the detectives hired by the prosecution to obtain incriminating evidence against any violators of the prohibition law. However objectionable may be the practice of the state in securing evidence against its citizens by means of importing detectives into the community and furnishing them with funds with which to operate, including funds with which to buy whiskey in violation of the law, that fact in itself, in the absence in the record of the evidence upon which this conviction was had, is not sufficient grounds for a reversal of the judgment of conviction.

And while the record does not purport to contain a transcript of the evidence in this case, the eighth paragraph under what is termed an "amended bill of exceptions" purports to set forth in narrative form the substance of this evidence, which tends to show that the detective Moss, in the employment of the state, after giving the defendant two or three drinks of whiskey, then asked him to "rustle" a bottle of whiskey, and gave the defendant the purchase price, with which he purchased whiskey and delivered the same to the detective's room in the hotel, and after those present had taken several drinks, the detective locked the remainder in a grip and turned it over to the sheriff. But this statement is wholly insufficient to enable this court to say that the evidence is not sufficient to support the verdict.

The remaining errors assigned relate to matters of minor importance, which could hardly have prejudiced any substantial right of the defendant, and should be disregarded.

The judgment should be affirmed, and it is so ordered.

McCarthy, Dunn and William E. Lee, JJ., concur.