STATE, Respondent, v. PAUL DAWSON, Appellant.

[235 Pac. 326.].

PRESUMPTIONS—SEARCH AND SEIZURE—EVIDENCE—ACCOMPLICE.

    1. The rulings of the trial court are presumed valid in the absence of a showing to the contrary.

    2. Error will not be presumed, but the record must affirmatively show the error complained of.

    3. An objection to the use of evidence claimed to have been illegally obtained, and request for its return, must be made before trial.

    4. The purchaser of intoxicating liquor is not an accomplice of the seller.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Publisher's Note.

    3. Admissibility of evidence obtained by search or seizure, see notes in 15 Ann. Cas. 1205; Ann. Cas. 1915C, 1182.

Appellant was convicted of the crime of selling intoxicating liquor. *Affirmed.*

Porter & Witham, for Appellant.

Property seized by an illegal, unlawful and unreasonable search and seizure should be returned to the owner upon a direct application made for its return, and if the court refuses to return the same the property is not admissible in a criminal case against the owner over his objection made at the trial, and if the same is admitted in evidence over the objection of the defendant, such admission is reversible error. (*People v. Marxhausen*, 204 Mich. 559, 3 A. L. R. 1505, 171 N. W. 557; *Weeks v. United States*, 232 U. S. 383, Ann. Cas. 1915C, 1177, 34 Sup. Ct. 341, 58 L. ed. 652, L. R. A. 1915B, 834; *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390; *Amos v. United States*, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. ed. 654; *State v. Sheridan*, 121 Iowa, 164, 96 N. W. 730; *O'Connor v. Potter*, 276 Fed. 32; *United States v. Slusser*, 270 Fed. 818; *United States v. McHie*, 194 Fed. 894; *Hess v. State*, 84 Okl. 73, 202 Pac. 310; 10 R. C. L. 933; *State ex rel. Lane v. District Court*, 51 Mont. 503, 154 Pac. 200, L. R. A. 1916E, 1079.)

Evidence gleaned by witnesses during an illegal, unlawful and unreasonable search and seizure is not admissible over the objection of the defendant. (*Gill v. Wright*, 68 Ohio, 684, 70 N. E. 1120; *Boyle v. Smithman*, 146 Pa. St. 255, 23 Atl. 397; *Lamson v. Boyden*, 160 Ill. 613, 43 N. E. 781; *O'Connor v. Potter, supra.*)

Uncorroborated testimony of accomplices will not support a conviction. (C. S., sec. 9357; *State v. Clark*, 27 Ida. 48, 146 Pac. 1107; *People v. Coffey*, 161 Cal. 433, 119 Pac. 901, 39 L. R. A., N. S., 704; *Levering v. Commonwealth*, 132 Ky. 666, 136 Am. St. 192, 19 Ann. Cas. 140, 117 S. W. 253; *Stone v. State*, 118 Ga. 705, 98 Am. St. 145 (note), 45 S. E. 630; 1 R. C. L., sec. 15.)

A. H. Conner, Attorney General, and James L Boone, Assistant, for Respondent.

One who seeks affirmative relief on the ground that officers of the court have violated his constitutional rights in the execution of process has the burden of establishing facts from which it will affirmatively appear that his rights were invaded. (*Morgan v. State* (Ind.), 141 N. E. 790; *United States v. Vatune,* 292 Fed. 497.)

A contested motion not appearing in the record will not be considered by this court. (*State v. Macguire,* 31 Ida. 24, 169 Pac. 175.)

An assignment of error on the ruling of a court on the admissibility of evidence will not be considered where no exception has been saved. (*State v. Brockman,* 39 Ida. 468, 228 Pac. 250.)

A search made as incidental to a lawful arrest is not unreasonable. (*State v. Myers,* 36 Ida. 396, 211 Pac. 440.)

A search made at or about the time of an arrest is not unreasonable. (*State v. Myers,* 36 Ida. 396, 211 Pac. 440.)

An application for the suppression of evidence must be made in time. It is too late to make such application at the time the case is called for trial. (10 R. C. L., p. 933; *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837, 215 Pac. 34.)

GIVENS, J.—Appellant was convicted of the illegal sale of intoxicating liquor and appeals on two grounds; the reception in evidence of and the refusal of the trial court to return to him certain money taken from him by officers under an alleged illegal search and seizure; and because the verdict is not supported by the evidence, on the theory that one who buys liquor and the officers encouraging such entrapment are accomplices of the seller.

The only reference in the minutes to a motion before the lower court is found at folios 10 and 11 of the transcript under date, September 25, 1922, 9:30 A. M.

" . . . . At this time all jurymen were excused from the Court room and defendant's motion to require the Prosecut-

ing Attorney . . . . and Chief of Police . . . . to deliver to the defendant, certain moneys claimed to be the property of the defendant, was argued to the court, and at the conclusion of the argument took the matter of ruling under advisement until 1:30 P. M.''

Upon reconvening at 1:30 P. M. on the above date the court denied and overruled the motion. In the reporter's transcript of the evidence the only references made to any motion before the court are as follows:

At folio 125 the defendant offers in evidence exhibit 1:

''In support of his motion heretofore filed, and now under consideration by this court.''

At folios 129 and 130 we find the following:

''Mr. Witham: . . . . Now, this motion is as follows: (Reads motion.) (Argument omitted.) (Motion taken under advisement.)'' [And the motion is not set forth.]

''The Court: After a further consideration of the matter presented to the Court this morning, I am still of the opinion that the motion should be denied.''

At folios 133 and 134:

''Mr. Witham: . . . . The defendant again renews his motion heretofore made. . . . .''

''The Court: The motion will be denied.''

The affidavit of Witham in support of the motion for diminution of the record states that the motion attached thereto is the one referred to and passed on in folios 115–131 of the transcript on appeal. But the certificate of the clerk does not state that it is the motion considered or referred to, nor is there any statement by the trial court that it is the motion considered by him, nor does the affidavit of the attorney state that the motion submitted after leave was granted for the diminution of the record was the motion considered, nor is there anything in the original record or in the matter presented in the diminution of the record showing what was before the court or what the court considered in passing on this or any other motion.

In the motion for the diminution of the record appellant asks to certify to this court, as a part of the transcript, ''that

certain motion constituting a part of the files in this action, made and filed in this action on September 20, 1922." The alleged motion is not dated, although the affidavit of appellant supporting it is dated September 19, 1922. The minutes of the trial court do not show the filing of a written motion. The only reference to any motion therein was on September 25, 1922. From the motion and affidavits filed in the matter of the diminution of the record there is nothing to show that the motion submitted is in fact the motion referred to in the motion for the diminution of the record, or that it was the one the court denied and overruled. We are, therefore, unable to consider this point.

"All presumptions are in favor of the regularity of the proceedings of courts of record, and in the absence of any showing to establish the fact as to whether or not the court has complied with the requirements of law in course of the trial, the presumption will at once arise that the law has been complied with. (*State v. Suttles,* 13 Ida. 88, 88 Pac. 238.)" (*State v. Ricks,* 34 Ida. 122, 201 Pac. 827.)

" . . . . It is a well-settled rule of criminal procedure that an appellate court will not presume error, but that the record must affirmatively show that error was committed, of a character sufficiently serious to warrant a reversal. (*State v. Hurst,* 4 Ida. 345, 39 Pac. 554; *State v. Haverly,* 4 Ida. 484, 42 Pac. 506; *State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034.)" (*State v. Hunsaker,* 37 Ida. 413, 216 Pac. 721; *State v. O'Brien,* 13 Ida. 112, 88 Pac. 425; *State v. Lottridge,* 29 Ida. 53, 155 Pac. 487; 17 C. J., pp. 213–215.)

Objection to the use of evidence claimed to have been illegally obtained and the request for its return must be timely made, which means before the trial. (*Adams v. New York,* 192 U. S. 585, 24 Sup. Ct. 372, 48 L. ed. 575; *Weeks v. United States,* 232 U. S. 383, Ann. Cas. 1915C, 1177, 34 Sup. Ct. 341, 58 L. ed. 652, L. R. A. 1915B, 834; *State v. Wills,* 91 W. Va. 659, 24 A. L. R. 1398 (note at 1422), 114 S. E. 261; dissenting opinion in *State v. Anderson,* 31 Ida. 514, at 524, 174 Pac. 124; *State v. Peterson,* 27 Wyo. 185, 13 A. L. R. 1284, 194 Pac. 342.)

Officers or others in connection with such officers purchasing liquor for the purpose of securing evidence of alleged illegal sales are not accomplices of the seller. (16 C. J. 673 and 683; *People v. Heusers,* 58 Cal. App. 103, 207 Pac. 908; *State v. Jenkins,* 66 Mont. 359, 213 Pac. 590.)

We have carefully examined the evidence and it is sufficient to support the verdict. The judgment is therefore affirmed, and it is so ordered.

William A. Lee, C. J., Wm. E. Lee and Budge, JJ., concur.

Petition for rehearing denied.