# Woods v. The State.

### Violating Automobile Law.

(Decided November 14, 1916. 73 South. 129.)

1. **Criminal Law; Former Jeopardy; Identity of Offense.**—Where the prosecution was for the violation of the Motor Vehicle Law, in failing to stop and give name, number and residence, a plea of former jeopardy alleging conviction of the violation of a municipal ordinance against reckless driving, did not describe the same offense either in law or in fact, and would not constitute jeopardy.

2. **Constitutional Law; Self Incrimination.**—The provisions of § 28, Acts 1911, p. 645, are not violative of the constitutional guarantee against self incrimination in § 6, Constitution 1901.

3. Municipal Corporations; Ordinances; Operating Motor Vehicle.—
Where the prosecution was for violating the Motor Vehicle Law by failing
to stop and give name, number and residence where injury has occurred to
personal property, a charge to acquit unless the jury believe beyond a rea-
sonable doubt that defendant knew that the other automobile had been
injured, was properly refused, since the word "knowledge" as used in the
statute does not mean absolute positive knowledge, but if injury is inflicted
under such circumstances as would ordinarily cause a reasonable person to
believe that injury would flow from the accident, it was the duty of the
motor operator to stop his vehicle.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Roscoe Woods was convicted of injuring the property of an-
other by the operation of a motor vehicle and failing to stop and
give his number, etc., and he appeals. Affirmed.

The complaint charges that defendant, while operating a
motor vehicle, and knowing that injury had been caused to an
automobile, the property of G. L. Smith, by such vehicle while
being so operated, due to the culpability of Roscoe Woods, or to
accident, left the place of said injury or accident without stop-
ping and giving his name and residence and operator's license
number to the party whose property had been injured, or to
some officer or some person in the vicinity thereof. Defendant
filed the following plea:

Defendant was tried in the recorder's court of the city of
Mobile on the charge of violating section 929 as amended of the
ordinances of the city of Mobile, which said section is as fol-
lows: "Reckless or Negligent Operation of Motor Vehicles, or
Reckless or Negligent Riding or Driving in the Streets, Penalty
for.—Whoever shall, in the streets or roads, within the police
jurisdiction of the city of Mobile, operate a motor vehicle or ride
or drive any beast of burden, bicycle or vehicle of any kind or
character, recklessly or so as to endanger property, or the life
or limb of any person, shall be guilty of an offense, and for the
first offense be punishable by fine not exceeding $25, as the re-
corder may impose, and for any subsequent offense, not exceed-
ing $100." The defendant further avers that on said April 5,
1915, he was put upon trial by said recorder's court for said
offense, and was duly convicted by said court of said offense
charged, and this defendant alleges that the said offense of which
he was convicted in the recorder's court, and the offense with
which he was charged in this court, are based upon the same

[Woods v. The State.]

transaction; wherefore, defendant says he should be discharged as to the present complaint.

The following charges were refused to defendant:

Charges 1 and 2 were the affirmative charges.

(6) Unless you believe beyond a reasonable doubt that defendant knew that the said automobile of G. L. Smith had been injured, you must acquit defendant.

(7) Same as 6, except that it requires a belief by each and every one of the jury.

Boyles & Kohn, for appellant.  W. L. Martin, Attorney General, and Harry T. Smith, for appellee.

Evans, J.— (1) The plea of former jeopardy was not well pleaded: The offense under the ordinance of reckless driving set up by the plea and that of the complaint under the statute for not stopping for purposes of identification were not the same; to have the effect of a good plea of autrefois acquit, the offenses must be substantially the same, both in law and fact.—*Gordon's Case*, 71 Ala. 315; Code 1907, § 1222. The demurrers were properly sustained.

(2) Appellant challenges as unconstitutional the following requirement of section 28 of the act regulating the use of motor vehicles upon public highways, to-wit: "Any person operating a motor vehicle, who, knowing that injury has been caused to a person or property, due to the culpabiilty of the said operator, or to accident, leaves the place of said injury or accident, without stopping and giving his name and residence, and operator's license, number, to the injured party or to some officer or to some person in the vicinity thereof shall be guilty of a misdemeanor," etc.—General Acts 1911, p. 645.

The contention is made that this requirement is violative of the Bill of Rights, in that it compels one to furnish evidence that might tend to incriminate himself.—Const. § 6.  This same question has been ably discussed recently, both in New York and Missouri, where acts almost identical with our own were under consideration, and in California, where the act, though variant in verbiage, had the same requirements as our act.  In these states, the acts have been upheld and declared to be not violative of the constitutional guaranty against self-incrimination.—*People v. Rosenheimer*, 209 N. Y. 115, 102 N. E. 530, 46 L. R. A. (N. S.)

977, Ann. Cas. 1915A, 161; *Ex parte Kneedler*, 243 Mo. 632, 147 S. W. 983, 40 L. R. A. (N. S.) 622, Ann. Cas. 1913C, 923; *People v. Diller*, 24 Cal. App. 799, 142 Pac. 797. We quote with approval from *Kneedler's Case, supra*: "The statute is a simple police regulation. It does not make the accident a crime. If a crime is involved, it arises from some other statute. It does not attempt in terms to authorize the admission of the information as evidence in a criminal proceeding. The mere fact that the driver discloses his identity is no evidence of guilt, but rather of innocence.—*State v. Davis*, 108 Mo. 667 [18 S. W. 894, 32 Am. St. Rep. 640]. On the contrary, flight is regarded as evidence of guilt. In the large majority of cases such accidents are free from culpability. If this objection to the statute is valid, it may as well be urged against the other provisions, which require the owner and chauffeur to register their names and number, and to display the number of the vehicle in a conspicuous place thereon, thus giving evidence of identity, which is the obvious purpose of the provisions.—*St. Louis v. Williams*, 235 Mo. 503 [135 S. W. 340]. We have several statutes which require persons to give information which would tend to support possible subsequent criminal charges, if introduced in evidence. Persons in charge are required to report accidents in mines and factories. Physicians must report deaths and their causes, giving their own names and addresses. Druggists must show their prescription lists. Dealers must deliver for inspection foods carried in stock. We held a law valid which required a pawnbroker to exhibit to an officer his book wherein were registered articles received by him, against his objection based on this same constitutional provision. We held this to be a mere police regulation, not invalid because there might be a possible criminal prosecution in which it might be attempted to use this evidence to show him to be a receiver of stolen goods.—*State v. Levin*, 128 Mo. 588 [31 S. W. 101, 49 Am. St. Rep. 577]. If the law which exacts this information is invalid because such information, although in itself no evidence of guilt, might possibly lead to a charge of crime against the informant, then all police regulations which involve *identification* may be questioned on the same ground. We are not aware of any constitutional provision designed to protect a man's conduct from judicial inquiry, or aid him in fleeing from justice. But even if a constitutional right be involved, it is not necessary to invalidate the statute to secure its protection. If, in this par-

[Jay v. The State.]

ticular case, the constitutional privilege justified the refusal to give the information exacted by the statute, that question can be raised in the defense to the pending prosecution. Whether it would avail we are not called upon to decide in this proceeding."

(3) Written requests to charge 1 and 2 were properly refused under the evidence, being requests for the general affirmative charge. Requests 6 and 7 were misleading, and properly refused. The "knowledge" of injury to person or property, within the meaning of the statute requiring the operator of a motor vehicle to stop, does not mean an absolute, positive knowledge; but if injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow or had flown from the accident or collision, then it is the duty of the motor operator to stop his vehicle.

We discover no error in the record, and the judgment below is affirmed.

Affirmed.