[Crim. No. 1247. Second Appellate District, Division One.—
September 22, 1925.]

THE PEOPLE, Respondent, v. R. O. GRAVES, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 141, MOTOR VEHICLE ACT—DUTY UPON HAPPENING OF ACCIDENT—KNOWLEDGE—INSTRUCTIONS. In this prosecution for a violation of section 141 of the Motor Vehicle Act, conceding that the instruction of the court that "The duty imposed upon a driver of an automobile which strikes a person to stop, render assistance, and furnish the information required by the law is a duty which he must perform in all cases, and it is immaterial whether such accident was caused by the carelessness of such driver, the carelessness of the person struck, or of both, or was an unavoidable accident. Such duty arises whenever such a collision occurs," was susceptible of the construction that it requires a driver to stop and perform the duties enumerated, even though he has no knowledge that he has struck said person, it was inconceivable that the jury so construed it or based its verdict upon any such construction, and defendant was not in any way injured by the giving of said instruction.

[2] ID.—PRIOR INDULGENCE IN INTOXICATING LIQUORS — EVIDENCE.— In such prosecution, evidence showing that defendant and the other occupants of the machine in which he was riding at the time of the accident had indulged freely in intoxicating liquors

1. See supplementary matter to 3 Cal. Jur. 1011.

just prior to the collision, was proper to show the condition of defendant and his companions at the time their machine struck the deceased; and the admission in evidence of a bottle of wine, thrown from defendant's machine shortly after the accident, simply corroborated the other evidence upon this subject and was therefore proper.

[3] ID.—AIDING AND ABETTING COMMISSION OF CRIME—EVIDENCE.—In such prosecution, the testimony of the two companions of defendant tending to show that defendant had aided and abetted in the commission of the crime charged, and the evidence that defendant had admitted this fact to one of the officers shortly after his arrest, was sufficient to warrant the verdict of conviction.

[4] ID.—REPUTATION—EVIDENCE—APPEAL.—On appeal from the judgment of conviction in such prosecution, there was no merit in the contention that the trial court erred in refusing to permit defendant to prove his general reputation as a law-abiding citizen in the community in which he resided, where the record on appeal did not disclose that the trial court made any such refusal.

[5] ID.—ADVICE OF DEFENDANT TO DRIVER — AIDING AND ABETTING COMMISSION OF CRIME—EVIDENCE—KNOWLEDGE.—In this prosecution for a violation of section 141 of the Motor Vehicle Act, conceding that defendant was not driving the machine at the time it struck the deceased, or at any time thereafter, the evidence showing that defendant and his two companions were all occupying the one seat in a Ford coupe, and that, after the machine struck the deceased, defendant advised and counseled the driver to drive rapidly from the scene of the collision, without rendering any assistance or in any way complying with the provisions of said section of the act, showed that defendant aided and abetted in a flagrant violation of said section; and the facts that the accident happened in broad daylight and that the body of the deceased was carried a distance of twenty-seven feet before it fell from the machine to the street, coupled with the advice of defendant to the driver, pointed strongly to the conclusion that defendant knew the machine had struck the deceased.

---

(1) 17 **C. J.**, p. 339, n. 64; 28 **Cyc.**, p. 49, n. 56.    (2) 28 **Cyc.**, p. 50, n. 58.    (3) 28 **Cyc.**, p. 50, n. 58.    (4) 17 **C. J.**, p. 173, n. 47 New.    (5) 28 **Cyc.**, p. 50, n. 58.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

4.   See 8 Cal. Jur. 534; 2 R. C. L. 131.

Claude A. Shutt for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

CURTIS, J.—The appellant was found guilty of the violation of section 141 of the Motor Vehicle Act (Stats. 1923, p. 562). [1] The court instructed the jury as follows: "The duty imposed upon a driver of an automobile which strikes a person to stop, render assistance, and furnish the information required by the law is a duty which he must perform in all cases, and it is immaterial whether such accident was caused by the carelessness of such driver, the carelessness of the person struck, or of both, or was an unavoidable accident. Such duty arises whenever such a collision occurs." Appellant objects to this instruction on account of the presence therein of the words "in all cases," and claims that in giving this instruction the court instructed the jury that it was the duty of the driver of an automobile which strikes a person to stop and perform the acts enumerated in the above section of the Motor Vehicle Act, even though he had no knowledge that he had struck such person. While the instruction is no broader than the section itself, it is inconceivable to us that the legislature ever intended to make the provisions of this section applicable to a person who was ignorant of the fact that the automobile which he was driving had struck another person. And it is with equal difficulty that we can bring our minds to believe that any jury would convict an accused of the violation of the provisions of said section, without being assured to a certainty that he had actual knowledge that his machine had struck a person, or had collided with another automobile, even under an instruction of the court as broad as that given in this case. If we concede that the instruction is susceptible of the construction claimed for it by appellant, we are unable to believe that the jury so construed it or based their verdict upon any such construction. We are, therefore, of the opinion that the appellant was not in any way injured by the giving of this instruction.

[2] It is next contended that the court erred in admitting in evidence a bottle of wine, which, some of the witnesses testified, had been thrown from appellant's machine shortly after the accident. There was ample evidence to show that the appellant and the other occupants of the machine in which he was riding at the time of the accident, had indulged freely in intoxicating liquors just prior to the collision. This evidence was proper to show the condition of appellant and his companions at the time their machine struck the deceased, and the admission of the bottle of wine, thrown from appellant's car, simply corroborated the other evidence upon this subject, and was therefore proper.

[3] The two companions of appellant in the machine, who it may be conceded were accomplices, gave testimony tending to show that appellant had aided and abetted in the commission of the crime charged. There was also evidence that the appellant admitted this fact to one of the officers shortly after his arrest. This evidence was sufficient to warrant a verdict of conviction. (*People* v. *Richardson,* 161 Cal. 552, 563 [120 Pac. 20]; *People* v. *Snyder, ante,* p. 138 [239 Pac. 705].)

[4] The further point is made by appellant that the court erred in refusing to permit him to prove his general reputation as a law-abiding citizen in the community in which he resided. The record does not disclose that the court made any such refusal.

[5] Finally, the appellant contends that the evidence is not sufficient to justify the verdict of conviction. The evidence shows that the appellant and two companions were riding in an automobile, a Ford coupe, the property of appellant, on the day of the collision. We may concede, for the purpose of this decision, that appellant was not driving the machine at the time it struck the deceased, or at any time thereafter. There was ample evidence to show that the three occupants of the car were all occupying its one seat, and that appellant was sitting at the extreme right end of the seat, the farthest removed from the driver. There is a conflict in the evidence as to which of the other two occupants of the car was driving, but that is not material in this action. The machine was being driven westerly on Main Street in the city of Alhambra, and when near the corner of Main and Raymond Streets, the driver

attempted to turn the car into Raymond Street, and in so doing ran the machine upon the sidewalk at the southwest corner of said streets, hitting one David Fraser, who was standing on the sidewalk about two feet from the curb, inflicting upon him injuries from the effect of which he died shortly thereafter. As the car struck Fraser it carried him from the sidewalk to the street, a distance of about twenty-seven feet, where he fell from the car to the street. The car was then driven, at a rate of speed estimated by some of the witnesses to be at least forty miles per hour, from the place where the accident occurred, and no attempt was made to stop or render assistance to Fraser or to otherwise comply with the provisions of the law applicable in such cases. The accident occurred in broad daylight, at about five o'clock in the afternoon. Each of the two occupants of the car, other than appellant, testified that shortly after the accident the appellant said "Drive like hell." There was also evidence from one of the officers that the appellant admitted to him that he had said to the occupants of the car shortly after striking Fraser, "Drive like hell, they can't get our number." This evidence shows beyond any question that there was a flagrant violation of the provisions of section 141 of the Motor Vehicle Act, and that appellant aided and abetted in the commission of said crime, by advising and counseling the driver of the machine to drive rapidly from the scene of the collision without rendering any assistance to the person struck or in any other way complying with the provisions of said section. It is true appellant testified that he did not know that the machine had struck Fraser, but we can hardly see how this was probable. The fact that the accident occurred in broad daylight, and that the body of Fraser was carried by the machine, a small Ford coupe, some twenty-seven feet from where he was struck, before it fell from the machine to the street, and the further fact that appellant advised the driver to drive rapidly away from the scene of the accident, so that the number of the machine could not be obtained, point strongly to the conclusion that the appellant knew that his machine had struck and injured Fraser at the time he advised their hasty departure from the scene of the accident without any offer to render assistance to

the person whom they had injured. The evidence in our opinion was sufficient to sustain the verdict.

The judgment and order denying a new trial are therefore affirmed.

Conrey, P. J., and Hahn, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 15, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1925.