[Crim. No. 1203. Third Appellate District.—May 27, 1932.]

THE PEOPLE, Respondent, v. MATT THOMPSON, Appellant.

Blaine McGowan and L. F. Puter for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On the eighth day of December, 1931, an information was filed in the Superior Court of Humboldt County, containing three counts, upon which the defendant was tried and found guilty on counts 2 and 3, and from the order denying his motion for new trial and judgment based upon said counts, this appeal is prosecuted. The counts upon which the defendant was convicted read as follows:

## "Count Two

"And complainant further complains of said defendant, Matt Thompson, and says: That said defendant, on the 8th day of November, 1931, at Eureka, in the County of Humboldt, State of California, did violate section 141 of the California Vehicle Act, in the manner following: That said defendant, while then and there the driver of a vehicle, to-wit, an automobile, which said automobile was then and there involved in an accident resulting in the death of a person, to-wit, one Helen Edna Sepic, did fail to immediately stop said vehicle at the scene of the accident.

## "Count Three

"And complainant still further complains of said defendant, Matt Thompson, and says: That said defendant, on the 8th day of November, 1931, at Eureka, in the County of Humboldt, State of California, did then and there wilfully and unlawfully operate and drive a motor vehicle, to-wit, an automobile, on the public highways of the State of California, to-wit, on Harrison Avenue, in the city of Eureka, while in a drunk and intoxicated condition, contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the People of the State of California."

The verdict finding the defendant guilty on count 3 is in the following language: "We, the jury, in the above entitled action, find the defendant guilty of the crime of driving an automobile while under the influence of intoxicating liquor, as charged in count 3 of the information."

Upon this appeal the appellant contends that the testimony is insufficient to support the verdict of the jury as to count 2, that the court failed to instruct the jury as required by the law, and that the verdict as to count 3 is

insufficient to support the judgment. A new trial was also asked on the ground of newly discovered evidence, supported by affidavits.

 Without setting forth the testimony of the various witnesses, it is sufficient to state that the record discloses the following facts relative to the offense charged in count 2, to wit:

On November 8, 1931, Helen Edna Sepic, aged about six years, was playing near her home alongside a public street in the city of Eureka. At about 5 o'clock P. M. she attempted to cross the street, and was struck down and fatally injured by an automobile described as a "dark blue touring car", moving at the rate of about 25 or 30 miles an hour. The description of the automobile, and of the person therein, by those who witnessed the accident, tallied exactly with the description of the automobile driven by the defendant, and the clothing worn by him.

The record further discloses that a few minutes after the accident, the defendant was arrested by a police officer while in an automobile described as above, and an examination of the automobile disclosed a broken headlight and a dented front fender. In answer as to how this condition came about, the defendant stated that he had no knowledge of how the headlight was broken or the fender dented. There were some blood stains found on the automobile and also human hair of the same color as that on the head of Helen Edna Sepic. It also appears in the record that metal bolts and several pieces of broken glass were picked up at the scene of the accident. It further appears from the testimony that the driver of the automobile, after striking Helen Edna Sepic, continued on his course for some distance, turned around and came back and passed the scene of the accident without stopping. The defendant was seen in the automobile in which he was subsequently arrested, a short time before the accident occurred. At the time of the arrest of the defendant, the testimony amply supports the finding of the jury that the defendant was intoxicated. There is also testimony in the record as to the defendant and other parties indulging in intoxicating liquors on the afternoon of the day of the accident. These circumstances set forth in detail by the various witnesses furnished an

ample basis for finding the defendant guilty on both counts 2 and 3.

At the conclusion of the trial the court read to the jury section 141 of the California Vehicle Act, and then gave to the jury the following instructions, to wit:

"2. I instruct you that the duty imposed upon a driver of an automobile which strikes a person, to stop, render assistance, and furnish the information required by law, is a duty which he must perform in all cases, and it is immaterial whether such accident was caused by the carelessness of such driver, the carelessness of the person struck, or of both, or was an unavoidable accident. Such duty arises whenever a collision occurs.

"3. If, then, you believe from the evidence in this case, to a moral certainty and beyond a reasonable doubt, that the defendant Matt Thompson, at the time alleged in the information, drove an automobile, and that said automobile became involved in an accident resulting in the injury and death of Helen Edna Sepic, and that the said Matt Thompson neglected and failed to stop his automobile and neglected and failed to render to the said Helen Edna Sepic reasonable assistance, including the carrying of the said Helen Edna Sepic to a physician, surgeon or hospital if it was apparent that such treatment was required, it is your duty to bring in a verdict of guilty to count two of the information, irrespective of how you may find upon count one and count three of said information.

"4. Section 112 of the Motor Vehicle Act provides: 'It shall be unlawful for any person who is an habitual user of narcotic drugs or who is under the influence of intoxicating liquor or narcotic drugs, to drive a vehicle on any public highway within this state.'

"5. If the defendant, Matt Thompson, operated a vehicle upon the highways of this state while under the influence of intoxicating liquor, he would be guilty of violating section 112 of the Motor Vehicle Act, and under those circumstances it would be your duty to render a verdict of guilty on the count charging the operation of an automobile on the highways while intoxicated, which is count three of the information."

These instructions, so far as they relate to not stopping and rendering assistance, are alleged to be prejudicially

erroneous in that no mention is made as to whether the defendant did or did not have knowledge of the collision of the automobile which he was driving, with the person of Helen Edna Sepic, and in support of this contention appellant relies upon the cases of *People* v. *Graves,* 74 Cal. App. 415 [240 Pac. 1019] , *People* v. *Rallo,* 119 Cal. App. 393 [6 Pac. (2d) 516], and *People* v. *Schofield,* 203 Cal. 703 [265 Pac. 914]. These cases, however, in their facts, are readily distinguishable from those shown by the record in the instant case.

In the case of *People* v. *Graves, supra,* an almost identical instruction was given, and was conceded to be erroneous in that it did not mention the subject of whether the defendant did or did not have knowledge of the collision. The court there, nevertheless, used the following language, which is pertinent here: ".While the instruction is no broader than the section itself, it is inconceivable to us that the legislature ever intended to make the provisions of this section applicable to a person who was ignorant of the fact that the automobile which he was driving had struck another person. And it is with equal difficulty that we can bring our minds to believe that any jury would convict an accused of the violation of the provisions of said section without being assured, to a certainty, that he had actual knowledge that his machine had struck a person or had collided with another automobile, even under an instruction of the court as broad as that given in this case." Here we have facts and circumstances which show that the defendant had knowledge of the collision. The driver of the automobile, after the collision and after driving some distance farther on, turned about, retraced his course, passed the scene of the collision, and did not stop.

In the case of *People* v. *Rallo, supra,* this court had occasion to pass upon a somewhat similar instruction, but the circumstances showed that the person who was found guilty was lying asleep in the rear of the automobile; the person found guilty was not driving the machine; the driver in that case was not found guilty. There is no evidence to show that Rallo had any connection with the actual driving of the machine, or had any knowledge of the collision until he was told by the driver that something had been hit, and then

they retraced their steps, and according to the testimony, failed to find any injured person.

In *People* v. *Schofield, supra,* the circumstances show that the defendant returned to the scene of the accident, and was relieved from offering aid, etc., by the fact that other persons had taken charge of the person who was injured, and were engaged in removing him to a hospital. The defendant in that case stopped and did everything which the law required him to do, save and except rendering aid, which was rendered by other persons.

Section 4½ of article VI of the Constitution is applicable to this case, and notwithstanding the fact that the word "knowledge" does not appear in any of the instructions relating to the striking of the person of Helen Edna Sepic by the automobile then and there being driven by the defendant, estops us from holding such failure prejudicial error.

Section 112 of the California Vehicle Act, after specifying that it shall be unlawful for any person under the influence of intoxicating liquor, to drive a vehicle on any public highway, contains, among others, the following specifications: "Upon every verdict of guilty under this section the jury shall recommend the punishment, and the court in imposing sentence shall have no authority to impose a greater sentence than that recommended by the jury."

The respondent calls our attention to section 112 of the act of the legislature in 1923, which contains no such provision. However, this prosecution is not under the section as it then read, but is under the section as amended in 1929, which reads as above stated. This section has been construed in the following cases: *People* v. *Ray,* 92 Cal. App. 417 [268 Pac. 382]; *People* v. *Beck,* 95 Cal. 257 [272 Pac. 797]; and sections 261 and 264 of the Penal Code containing similar provisions to the cases of *People* v. *Beck, supra, People* v. *Currie,* 93 Cal. App. 544 [269 Pac. 770], *People* v. *Sachau,* 78 Cal. App. 702 [248 Pac. 960], and *People* v. *Rambaud,* 78 Cal. App. 685 [248 Pac. 954].

In the cases of *People* v. *Sachau* and *People* v. *Rambaud, supra,* this court had occasion to examine the question of the recommendation of a jury as to the punishment to be inflicted, and it is unnecessary to set forth at length the reasons therein stated, but it is sufficient to say that it conclu-

sively appears from those cases and the other cases cited that it is incumbent upon the court to instruct the jury as to the verdict to be rendered when one is charged with driving an automobile while under the influence of intoxicating liquor.

In addition to what was said relative to section 264 of the Penal Code as to the recommendation of the jury being binding upon the court, we find that the language contained in section 112 of the California Vehicle Act is more mandatory in form. The concluding words of the paragraph in which the recommendation is found, reads, as we have stated: "The court, in imposing sentence, shall have no authority to impose a sentence greater than that recommended by the jury." It thus appears that the legislature, following the interpretation given by the courts to section 264 of the Penal Code, concluded to use language conforming to the interpretation of the courts, and therefore expressly prohibited the imposition of any sentence greater than that contained in the recommendation of the jury.

It follows from what we have said, and the reasoning of the cases which we have cited, that the verdict as to count three is not sufficient to support a judgment. ■ There is no showing in the affidavits upon which the appellant based, in part, his motion for a new trial, of any diligence in endeavoring to obtain the testimony, or any showing that such testimony could not have been obtained by reasonable diligence preceding the trial of the cause. The affidavits are really cumulative in so far as any facts therein stated are concerned, and without setting them forth in detail, it is sufficient to say that we have examined them, and no basis is presented therein for the granting of a new trial. There is no showing whatever that either the defendant or his counsel exercised any reasonable effort to obtain the presence of the four witnesses at the trial whose affidavits were presented in support of the motion. It is sufficient to say that no abuse of discretion is shown on the part of the trial court, for the reason that before such affidavits can be considered as laying the foundation for a new trial, it must appear that the testimony set forth in the affidavits could not have been obtained and presented upon the trial of the action by the exercise of reasonable diligence. It has been decided many times that a party cannot await until after

the trial of an action and then proceed to locate witnesses who would testify to a contrary state of facts. It must appear that such testimony could not have been presented upon the trial by the exercise of reasonable diligence.

In view of the foregoing facts it follows that from the order of the court denying the defendant's motion for a new trial, as to count two, and the judgment of the court based thereon, must be affirmed, and that the order of the court denying a new trial as to count number three, and the judgment based thereon, must be reversed. And it is so ordered.

Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 11, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1932.