139 P.2d 592

## STATE v. KUCHAN.

### No. 4754.

Supreme Court of New Mexico.

July 1, 1943.

Caswell S. Neal, of Carlsbad, for appellant.

Edward P. Chase, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

MABRY, Justice.

Appellant Kuchan was convicted of violation of § 68-528, subdivision (a), Comp. 1941, because of his failure to stop his automobile at the scene of an accident after, allegedly, having struck and killed one J. F. Burkham. He was given a sentence of not less than one year and no more than two years in the state penitentiary, and he appeals. The information also contained counts charging appellant with drunken driving, driving in a negligent and unlawful manner, and with failure to report an accident. Only the count charging failure to stop at the scene of an accident was submitted to the jury. There is only one assignment of error and one point raised, namely, that the evidence is insufficient to sustain the conviction.

An interpretation of the statute is invoked by this appeal, (as well as an examination of the state's evidence) but the case may be, and is, decided upon a narrower question. Appellant contends that he did not know that he had struck anything or anyone at the time of the accident and urges that absence of knowledge of said fact on the part of the offender makes the statute inapplicable. The act provides:

"Accidents—Duty to stop, identify self, and render assistance.—(a) The driver of any vehicle involved in an accident resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 62 (sec. 68-904) of this act.

"(b) The driver of any vehicle involved in an accident resulting in damage to property shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 59 (sec. 68-901) of this act.

"(c) The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall also give his name, address and the registration number of his vehicle and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person."

The evidence shows that the deceased was struck and killed a short distance from Carlsbad, New Mexico, at about 10:30 o'clock on the night of January 17, 1942;

and it cannot be disputed that it was the car driven by appellant that struck and killed deceased. Appellant's contention in the trial court seems to have been that while traveling south on the public highway he was forced to turn out and upon or near the edge of the highway pavement in order to permit the parallel passing of two other cars traveling north, one of which cars so traveling north and toward him was attempting to pass the other car going in the same direction, and that he never knew he had hit deceased. The victim was found upon the highway a short time after the accident that caused his death, with a large hole in his skull, a fractured neck and numerous scratches and abrasions on his face. The body was lying some few feet off the highway, his shoes were gone, and his clothing torn. One of the shoes was picked up some 60 feet from the body. Deceased was apparently struck from the rear. Broken parts from appellant's 1940 Ford automobile were found upon the highway near the scene of the accident, including glass and portions of one badly demolished headlight. This glass, from the right headlight of appellant's car, was scattered along the highway some 30 to 40 feet from the apparent point of impact. The right front fender was badly smashed and there was a deep dent in the right front door panel and the glass of the right front door was shattered but not broken out.

Appellant's sole assignment rests upon the contention that the state must prove beyond a reasonable doubt that the defendant knew that he had been involved in an accident in which a person had been struck or injured. He cites the case of People v. Ely, 203 Cal. 628, 265 P. 818, as sole authority in support of that contention. There is ample proof that the car driven by appellant struck and killed deceased, but appellant contends, nevertheless, that the court should not have submitted the case to the jury under the evidence presented—that it was insufficient to show any knowledge on the part of appellant that a human being had been struck by his car. The state, on the other hand, contends that knowledge on the part of the driver of a motor vehicle is not made an element of any of the crimes designated by this section of the statute, and that such knowledge is therefore not essential.

But, argues the attorney general, assuming it be necessary for the state to prove any knowledge on the part of appellant, that would only be knowledge that he had been involved in an accident; that under the language employed in subsection (a) of the statute the driver is required to stop at the scene of the accident when he is involved in one, to ascertain whether such accident involved the injury to or death of any person.

Upon the question whether knowledge of the accident, or knowledge that a person was struck or injured, is an essential element of the crime, the attorney general cites and relies upon numerous cases, among them being State v. Masters, 106 W.Va. 46, 144 S.E. 718; Scott v. State, 90 Tex. Cr.R. 100, 233 S.W. 1097, 1100, 16 A.L.R. 1420; Olson v. State, 36 Ariz. 294, 285

P. 282, 284; and Com. v. Ebersole, 1922, 2 Pa.Dist. & Co.R. 782.

We need not, and do not, decide whether the attorney general is correct in his appraisal of the statute in question. In the case at bar the trial court instructed the jury that before it could convict appellant it must find that he had knowledge that he had struck some person and injured or killed him. Whether this instruction was too liberal in behalf of appellant, we need not and do not inquire. He could not complain of it upon the ground that it was. Indeed, appellant rests his case here upon the assigned error, as heretofore stated, that since the state must prove such knowledge on his part, the evidence relied upon to show it does not support the verdict where this knowledge is essential. In this appellant is in error. There is ample evidence to support the verdict.

Upon the facts in evidence the jury had a right to assume appellant knew he had struck some person and injured or killed him. Absent an admission of such knowledge on the part of appellant, obviously only circumstances are all that could be relied upon to impute, or show, knowledge. Circumstances alone are sufficient under many conditions. See St. Clair v. State, 209 Ind. 135, 196 N.E. 683; Miles v. State, 123 Tex. Cr.R. 501, 59 S.W.2d 403. Guilty knowledge may be inferred. State v. Richmond, 186 Mo. 71, 84 S.W. 880.

The testimony was that after the accident one of the parties riding in the front seat with appellant remarked to appellant at the time of the impact: "You hit something; you hit a man or a car or a horse." Appellant and his companion continued to drive until they stopped at a night club some distance away, where they stopped for drinks, thereafter returning to the scene of the accident, as they claimed, but finding then no evidence that a pedestrian had been struck. The exact time of appellant's return to the scene is not disclosed. Upon his return he drove by without stopping, in any event.

The condition of the car showed that it had withstood a very severe blow at the front, upon the right fender and headlight of the car, all directly in view of the driver. The jury is entitled to believe that he could not avoid seeing that he had struck a person; at least the companion wondered whether they had not done so and warned of the possibility that they had. It would suggest too severe a strain upon that common sense we would apply to every-day affairs of life to say that after this severe impact, occurring on a straight, unobstructed highway in front of bright headlights and with full vision afforded, and with the driver being warned of the possible result of his collision, that he did not know what he had struck, if in fact he did not see it. So we are not here called upon to determine whether anything more than knowledge that the car appellant was driving was involved in an accident would be required under the statute in question. It will be seen that, upon an instruction from the court so requiring, the jury found more

than this. The evidence supports a verdict based upon knowledge on the part of appellant that it was a person who was struck and injured.

Finding no error, the judgment is affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

THREET, J., did not participate.