SEVERINA LO BIONDO, PROSECUTOR, v. ALEXANDER ALLAN, CLERK OF THE BERGEN COUNTY COURT OF SPECIAL SESSIONS, DEFENDANT.

Argued January 16, 1945—Decided January 30, 1945.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Chandless, Weller & Kramer* (*Julius E. Kramer,* of counsel).

For the defendant, *Walter G. Winne* (*Wallace S. DePuy,* of counsel).

The opinion of the court was delivered by

PORTER, J. The prosecutor, Severina Lo Biondo, was convicted by Judge Del Mar in the Bergen County Court of

Special Sessions on the charge of driving a motor vehicle and knowingly being involved in an accident, for failing to stop at the scene and for not giving her name and address and exhibiting her operator's license and registration certificate of her vehicle to the person injured or struck or to any police officer or witness to the accident, all of which is in violation of the statute, *R. S.* 39:4–129. The conviction is before us for review on writ of *certiorari*.

On the evening of September 13th, 1943, Roberta Tummina, six years old, was hurt in the street near her home in Garfield, was taken to a hospital, and died that evening as a result of her injuries. A short time before the child was found, Mrs. Lo Biondo drove her automobile past the scene, and both she and a woman passenger in her car had knowledge that an object had been struck by the car, because they both felt a bump under the wheels. Mrs. Lo Biondo observed to her companion at the time that she thought she had struck a cardboard box. She drove to her home around the corner but a short distance from the scene, there parked her car and went into the house for a moment, then went out to investigate what had caused the "bump." As soon as she went out of her side door, she says she heard a woman scream, and she called her husband and told him she thought she had run over a child. Her husband then reported the occurrence to the local police. On the testimony of the two women occupants of the automobile, together with the testimony of the father of the child of finding her injured in the street, we think the proofs clearly showed the fact to be that the prosecutor's car had struck the child, that she had knowledge of an accident which required her to stop and investigate, which she failed to do, in violation of the provisions of the statute, *supra*.

The prosecutor argues that the conviction should be set aside because the court erred in permitting a ten-year-old child to testify, who, it is claimed, was incompetent because of her ignorance of the obligation of an oath. The child was examined on behalf of the state by the assistant prosecutor as to her qualifications, and the court concluded that she did not understand the nature of an oath and was not qualified.

Later, the trial judge suggested that she be properly instructed and recalled. When recalled, she was again examined by counsel and by the judge, who concluded that she did understand the nature of an oath and was qualified to testify, and refused to allow counsel for the defendant to cross-examine her on her qualifications. The qualification of the witness was a preliminary issue within the sole province of the trial judge. *Maisto* v. *Maisto*, 123 *N. J. L.* 401; *State* v. *Martin*, 102 *Id.* 388; *State* v. *Cracker*, 65 *Id.* 410. The testimony of this witness was that she had witnessed the accident and had seen an automobile strike the child. We think this testimony was not essential to a conviction because, as stated, other testimony and inferences properly drawn therefrom support the conviction. Nevertheless, we think the testimony of this witness was competent. Whether she was competent to be sworn was within the discretion of the trial judge; and after he had satisfied himself on that point by his own examination of the child, it was entirely within his discretion whether or not to allow further examination of her. *State* v. *Mohr*, 99 *Id.* 124. The decision of the trial court in this regard will not be disturbed where there is evidence to support it. *State* v. *Labriola*, 75 *Id.* 483.

It is also argued that it was error not to have granted the defendant's motion for dismissal or acquittal on the ground that she had in fact stopped her car and investigated the accident within a short distance and as soon as was reasonably proper after the accident. We think this contention to be without merit. The defendant did not stop because of the accident, but because she had arrived at her destination. Making an investigation then, even though but a short distance had been traveled and a short space of time had elapsed, was not a compliance with the statute, *supra*. It calls for an immediate stop. Its language is, "The driver of any vehicle knowingly involved in an accident resulting in injury or death to a person or damage to property, shall immediately stop * * *." She felt a bump under the wheels and knew she had run over something. With that knowledge of an accident, she was under the duty of stopping immediately, whether or not she knew what she had struck or the consequences.

It is noted that the writ is directed to Judge Del Mar as well as to the court and to the clerk of the court. We have eliminated the name of the judge from the title of the case, because the writ should not have been directed to him but only to the clerk. The rule is that the writ should be directed to the person who, in legal contemplation, has the custody of the record to be certified. *State* v. *Harrison*, 46 *N. J. L.* 79 (at *p.* 86); *Curtis* v. *Joyce*, 90 *Id.* 47; *affirmed*, 91 *Id.* 685. Also see rule 15 of this court.

We find no error in the proceedings. Therefore, the writ will be dismissed, with costs.