310 P.2d 1082

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Archie PARISH, Defendant-Appellant.**

No. 8447.

Supreme Court of Idaho.

May 2, 1957.

S. T. Lowe, Kales E. Lowe, Burley, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James M. Cunningham, Pros. Atty., Twin Falls, for respondent.

SMITH, Justice.

Appellant was charged with and convicted of the indictable misdemeanor of failure to stop his motor vehicle at the scene of an accident and to render aid and furnish information, after striking and injuring two persons, in violation of the provisions of I.C. §§ 49–516.1 and 49–516.3.

Appellant on his appeal from the judgment of conviction and from the order denying his motion in arrest of judgment, has saved for review the question of the sufficiency of the information to charge a public offense.

The charging part of the information reads:

"That the said defendant, at and in Twin Falls County, State of Idaho, and on or about the 10th day of July, 1955, then and there being, did, then and

there drive a certain Plymouth automobile in a westerly direction on U. S. Highway No. 30 and at point on U. S. Highway No. 30 approximately 3½ miles east of Murtaugh, Idaho, did strike and injure, with said Plymouth automobile, one R. L. Brown and one E. R. Noble. That the said Archie Parish thereafter failed to stop at or near the scene of the accident and failed to give aid to the injured or inform anyone at the scene of the accident of his name, address or registration number of said Plymouth automobile."

I.C. § 49–516.1, under which the information was intended to be drawn, in part, reads:

"(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall then forthwith return to, and in every event remain at, the scene of the accident until he has fulfilled the requirement of section 49.516.3 * * *.

"(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished * * *."

I.C. § 49–516.3 requires the driver of a motor vehicle involved in such an accident to give his name, address and motor vehicle registration number and to render aid to the injured.

I.C., sec. 49–516.1 does not expressly set forth the requisite of knowledge on the part of the driver, of the accident resulting in injury to another person; nor does the information allege such knowledge on the part of appellant driver.

■ Appellant contends that the information is fatally defective because it fails to allege, as an essential element of the offense, knowledge on the part of appellant, accused driver, of an accident resulting in injury to Brown and Noble, and his subsequent failure to stop and render aid. Appellant raised that question at the time of commencement of the trial before respondent had introduced any evidence, and thereafter by his motions, for a directed verdict, in arrest of judgment, and for a new trial.

I.C. § 18–114 reads:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

In State v. Taylor, 59 Idaho 724, 87 P.2d 454, 460, the "intent" as used in the aforesaid section of the statute is construed to mean, "not an intent to commit a crime but is merely the intent to knowingly perform the interdicted act, or by criminal negligence the failure to perform the required act." People v. Maggio, 90 Cal.App.

683, 266 P. 813, 815, holds that the intent "which need be proved is that involved in the knowledge of the facts requiring that the vehicle stop and that aid be rendered."

The courts of the State of California from time to time have construed its motor vehicle "hit and run" laws, similar in import to Idaho's statute. The present California law reads in part as follows:

"The driver of any vehicle involved in an accident resulting in injury to * * * or death of any person shall immediately stop such vehicle * * * and shall fulfill the requirements of Section 482(a)." West's Ann.Cal. Vehicle Code, § 480.

The holdings of California courts, which we deem decisive of the questions raised in this case, are to the effect that knowledge is an essential element of the offense, though the statute does not expressly require knowledge on the part of an accused driver, of the accident resulting in injury to another person. People v. Fodera, 33 Cal.App. 8, 164 P. 22; People v. Scofield, 203 Cal. 703, 265 P. 914; People v. Leutholtz, 102 Cal.App. 493, 283 P. 292; People v. Pahner, 10 Cal.App.2d 294, 51 P.2d 1143; People v. Odom, 19 Cal.App.2d 641, 66 P.2d 206; People v. Henry, 23 Cal. App.2d 155, 72 P.2d 915; People v. Dallas, 42 Cal.App.2d 596, 109 P.2d 409; People v. Kuhn, 139 Cal.App.2d 109, 292 P.2d 964. In People v. Fodera, supra, it is stated [33 Cal.App. 8, 164 P. 25]:

. "* * * our reading of the section in question convinces us that the element of knowledge of the fact of the collision is necessarily to be implied from the requirements of the act, to the effect that drivers of such vehicles must stop and render aid to those who may possibly have been injured in the collision. Moreover section 20 of the Penal Code, which is to be read together with and into the section under review, provides that 'in every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence.'"

In People v. Graves, 74 Cal.App. 415, 240 P. 1019, 1020, appears the following:

"* * * it is inconceivable to us that the Legislature ever intended to make the provisions of this section applicable to a person who was ignorant of the fact that the automobile which he was driving had struck another person. And it is with equal difficulty that we can bring our minds to believe that any jury would convict an accused of the violation of the provisions of said section, without being assured to a certainty that he had actual knowledge that his machine had struck a person * * *."

In People v. Rallo, 119 Cal.App. 393, 6 P.2d 516, 520, it is said:

"* * * One may not be deemed to be criminally guilty of failing to render aid to an injured person *when he is ignorant of the fact that injury has been inflicted. The gist of this offense is the willful omission to render reasonable assistance to one who has been injured.*" (Emphasis supplied.)

See also People v. Scofield, 203 Cal. 703, 265 P. 914; People v. Leutholtz, supra.

Knowledge on the part of the accused of the accident resulting in injury to another person does not require a showing by the state, by direct testimony, that the accused actually knew that the motor vehicle he was driving had struck some one. All of the facts and circumstances indicative of knowledge of such an accident may be considered by the jury in its determination of the fact of knowledge. In People v. Pahner, supra, it is stated [10 Cal.App. 2d 294, 51 P.2d 1144]:

"It is hardly to be expected that direct testimony could be obtained in such a case as this to the effect that a defendant knew that he had injured another person. From the nature of the case, such knowledge on the part of a driver, although a necessary element of the offense, must usually be proved by showing the surrounding facts and circumstances which indicate such a knowledge."

See also People v. Fodera, supra; People v. Graves, supra; People v. Leutholtz, supra; People v. Henry, supra; People v. Dallas, supra; People v. Kuhn, supra; State v. Kuchan, 47 N.M. 209, 139 P.2d 592.

An information sufficiently charges knowledge on the part of the accused driver of an automobile involved in an accident causing injury to another person, if it charges the wilful commission of the acts constituting the offense. In People v. Odom, supra, the information while not alleging actual knowledge on the part of the accused driver, in effect did charge that the accused wilfully and unlawfully drove a motor vehicle so as to be involved in an accident causing injury and death to another person. The California Court held [19 Cal.App.2d 641, 66 P.2d 209]:

"To charge that the defendant willfully drove the machine in such a manner as to cause the injury or death of a person, in effect alleges that he knowingly drove it so as to cause the injury or death of the individual. To allege that one knowingly operated a machine in such a manner as to kill or injure another person is equivalent to saying he knew that he had injured or killed the person by the manner in which he drove the machine.

"An information which charges that a person 'willfully and unlawfully' performed an act is equivalent to alleging that he knowingly did so, and

thus supplies the element of knowledge of the unlawful act * * *.

" ' * * * "To do a thing willfully is to do it by design with set purpose." People v. Sheldon, 68 Cal. 434, 437, 9 P. 457, 459. To do a thing willfully is to do it knowingly. People v. Swiggy, 69 Cal.App. 574, 581, 232 P. 174; 4 Words and Phrases, Second Series, p. 1304; * * *.' "

See also People v. Dallas, supra; 94 C.J.S. Willful, Willfully p. 620; 45 Words and Phrases, Willful, Willfully, p. 186.

In State v. Love, 76 Idaho 378, 381, 283 P.2d 925, 926, this Court quoted with approval from People v. Williams, 27 Cal.2d 220, 163 P.2d 692, 695, as follows:

" 'Of course, it is elementary that every fact or circumstance necessary to constitute the crime charged must be alleged and proved, and the proof must correspond with the allegations in the pleading. But technical or trifling matters of discrepancy will not furnish ground for reversal. Under the generally accepted rule in criminal law a variance is not regarded as material unless it is of such a substantive character as to mislead the accused in preparing his defense, or is likely to place him in second jeopardy for the same offense.' "

The matter of knowledge on the part of the accused, under consideration here, cannot be classified as technical or trifling, or one of variance, since knowledge appears to be a necessary element of the crime attempted to be charged, and knowledge was not alleged.

Further, I.C. § 19–2132 charges the trial judge with the duty of instructing the jurors on what he believes to be "matters of law necessary for their information." His stock instructions, given on his own motion, are intended to state the fundamental principles of law applicable in all criminal cases, and additionally, "to advise the jury as to the nature and elements of the crime charged." State v. Patterson, 60 Idaho 67, 78, 88 P.2d 493, 497. Here, the trial court did not and could not advise the jury as to the element of knowledge as an essential element of the crime in the information alleged to have been committed, because knowledge was not so alleged as an element of the crime.

The information, since it fails to charge knowledge on the part of appellant as an essential element of the offense, defined by I.C. § 49–516.1, is fatally defective, inasmuch as it fails to state facts sufficient to constitute a public offense.

We deem it unnecessary to dispose of appellant's remaining specifications of error.

The judgment of the trial court is reversed and the cause remanded with instructions to set said judgment aside, and to grant leave to respondent to file an amend-

ed information, and to proceed further in the premises.

KEETON, C. J., and PORTER and McQUADE, JJ., concur.

TAYLOR, Justice (dissenting).

The offense of failing to stop at the scene of an accident is purely statutory. The statute does not make intent an element of the crime. It is malum prohibitum. No mens rea, or wicked motive, is within the contemplation of the statute. State v. Wojahn, 204 Or. 84, 282 P.2d 675. Therefore, criminal intent cannot be read into the statute by implication. Cf. Morissette v. U. S., 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288.

The intent referred to in § 18-114, I.C. arises out of the intentional doing of the interdicted act. "The intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. All persons are of sound mind who are neither idiots or lunatics, nor affected with insanity." § 18-115, I.C. The law not only presumes sanity, but "a person is presumed to intend to do that which he does, and especially so when the things are done in the commission of a crime * * *. He is presumed to know not only what he does, but also the consequences of his acts. * * * The general rule is that, if it is proved that accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention.

* * * The presumption is rebuttable, the burden of rebuttal being on accused." 22 C.J.S. Criminal Law §§ 33, 34.

This presumption and burden of proof is recognized by statute in murder cases. § 19-2112, I.C.

No specific intent being required by the statute defining the crime, and the intent required by the general statute, § 18-114, I.C., being presumed from the doing of the unlawful act, the state is not required to plead or prove such intent initially, the burden in that respect being upon the accused.

The real question here arises out of the applicable provisions of § 18-201, I.C., as follows:

"All persons are capable of committing crimes, except those belonging to the following classes:

* * * * * *

"4. Persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent."

With the possible exception of children under fourteen (subsection 1) the shield against punishment for crime afforded by this section is generally regarded as a matter of defense to be raised by the accused, and as to which the accused bears the burden of proof. Thus, insanity is recognized as a defense to be raised and supported by the defendant. True, he is not required to establish such defense by a

preponderance of the evidence, but he is required to support the defense sufficiently to create a reasonable doubt as to his mental capacity. State v. Calkins, 63 Idaho 314, 120 P.2d 253.

So far as I know, it has never been urged that the state in the information should negative any or all of the defenses available under § 18–201. The general presumption of sanity, capacity, competency, and responsibility of the accused has been universally accepted as sufficient without pleading it in the information; and want of such capacity or responsibility has always been available to the accused under a plea of not guilty, or the special plea in case of insanity. No burden is cast upon the accused to establish his innocence. But, if he contends he is not amenable to punishment because of a want of capacity or responsibility, or because of a mistake of fact, the law requires him to raise the issue and support it to the extent of establishing a reasonable doubt.

In this case, the defendant contends that he did not know the vehicle he was driving had been involved in an accident resulting in injury to persons. In other words, by his evidence he urges that he acted under ignorance or mistake of fact in failing to stop, which disproves any criminal intent. Thus, he defensively challenges the rebuttable presumption arising from the state's proof that his car was involved in an accident resulting in an injury to persons,

and that he failed to stop—the presumption being that he did so knowingly. The issue being thus raised, the state was required to meet it by proof which would overcome any reasonable doubt as to knowledge, and to convince the jury beyond a reasonable doubt that he did not act under ignorance or mistake of fact, but wilfully and knowingly.

In State v. McMahon, 37 Idaho 737, 219 P. 603, upon a charge of unlawful possession of intoxicating liquor, laid in the language of the statute, this court held it was not necessary to allege that the possession was "knowingly, unlawfully, or intentionally had", saying:

"It will be observed from a reading of the statute that the words 'knowingly, intentionally, or unlawfully' are not included as necessary elements to be charged in the information. The information is substantially in the words of the statute, and is therefore sufficient." 37 Idaho 737, at page 739, 219 P. at page 603.

To the same effect are: United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; and United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 304, 66 L.Ed. 619. In the Behrman case the court said:

"It is enough to sustain an indictment that the offense be described with sufficient clearness to show a violation of law, and to enable the accused to know the nature and cause of

the accusation and to plead the judgment, if one be rendered, in bar of future prosecution for the same offense. If the offense be a statutory one, and intent or knowledge is not made an element of it, the indictment need not charge such knowledge or intent." 258 U.S. 288, 42 S.Ct. 304, 66 L.Ed. 619, at page 621.

In Morissette v. U. S., 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, the court distinguished the Balint and Behrman cases. There, however, the offense, although statutory, interdicted embezzling, stealing, purloining, or knowingly converting government property. As to conversion the statute supplied the element of knowledge. The court held that by the use of the terms "embezzle, steal, purloin", congress was presumed to have adopted the legal concept long associated with those terms, and therefore a criminal intent is an element of the offense by implication.

"* * * Many violations of such regulations result in no direct or immediate injury to person or property but merely create the danger or probability of it which the law seeks to minimize. While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect, whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element." 342 U.S. 246, 72 S.Ct. 246, 96 L.Ed. at pages 296 and 297.

"* * * The conclusion reached in the Balint and Behrman cases has our approval and adherence for the circumstances to which it was there applied." 342 U.S. 246, 72 S.Ct. 248, 96 L.Ed. at page 299.

After an exhaustive consideration of intent as an essential element of crime, the supreme court of Oregon in State v. Wojahn, 204 Or. 84, 282 P.2d 675, held that homicide resulting from negligent operation of an automobile is a police regulation in which moral culpability is not necessarily involved, and that the statute deems intent immaterial.

The following cases hold under statutes similar to ours that lack of knowledge that his car was involved in an accident is a defense available to the accused driver who fails to stop and render aid. Olson v. State, 36 Ariz. 294, 285 P. 282; Behrens v. State, 140 Neb. 671, 1 N.W.2d 289; Scott v. State, 90 Tex.Cr.R. 100, 233 S.W. 1097, 16 A.L.R. 1420.

In State v. Johnson, 54 Idaho 431, 32 P.2d 1023 the court held a complaint, in the language of the statute accusing defendant of acting as a broker without a

license, was sufficient although it omitted the essential element that he did so for compensation.

The following authorities appear to support the majority to the effect that the charge is sufficient if it alleges that the acts were "wilfully" committed. State v. Baldwin, 69 Idaho 459, at pages 464–465, 208 P.2d 161; People v. Thompson, 123 Cal.App. 726, 12 P.2d 81; People v. Odom, 19 Cal.App.2d 641, 66 P.2d 206; People v. Dallas, 42 Cal.App.2d 596, 109 P.2d 409; State v. Kuchan, 47 N.M. 209, 139 P.2d 592; People v. Moody, 93 Cal.App.2d 66, 208 P. 2d 692; Commonwealth v. McMenimon, 295 Mass. 467, 4 N.E.2d 246, at page 248; Lo Biondo v. Allan, 132 N.J.L. 437, 40 A.2d 810, at page 811; State v. Masters, 106 W.Va. 46, 144 S.E. 718; Herchenback v. Commonwealth, 185 Va. 217, 38 S.E.2d 328; Woods v. State, 15 Ala.App. 251, 73 So. 129, at page 130; 16 A.L.R. 1425; 66 A.L.R. 1228; Ule v. State of Indiana, 208 Ind. 255, 194 N.E. 140, 101 A.L.R. 911; 61 C.J.S. Motor Vehicles § 674 c.

However, the evil in such a rule is that it places an initial burden upon the prosecution by judicial fiat and contrary to the expressed will of the legislature. To require the state to anticipate and negative the defense of mistake of fact, and initially to plead and prove knowledge, will tend to

obstruct the operation of the statute and may in some cases defeat its purpose. United States v. Balint, supra; Morissette v. U. S., supra.

In reaching the conclusion that every fact and circumstance necessary to constitute the crime must be alleged, the basic underlying purpose of the criminal charge is either ignored or distorted. This court has many times said:

"All that is necessary is that the information be sufficient to advise the defendant of the nature of the charge against him, and that it describes the offense with such particularity as to serve as a shield in case of a second prosecution for the same offense. State v. Lottridge, 29 Idaho 53, 155 P. 487; State v. Andrus, 29 Idaho 1, 156 P. 421." State v. Bowman, 40 Idaho 470, at page 475, 235 P. 577, 578.

This is the rule of the Supreme Court of the United States, as shown by the cases hereinabove cited, and by Cefalu v. U. S., 10 Cir., 234 F.2d 522.

The rule has always prevailed in this jurisdiction that an information charging an offense in the language of the statute is generally sufficient.[1] This is not a case where any exception to that rule would ap-

---

1. People v. Butler, 1869, 1 Idaho 231; State v. Ellington, 4 Idaho 529, 43 P. 60; State v. Sly, 11 Idaho 110, 80 P. 1125; State v. Brill, 21 Idaho 269, 121 P. 79;

Matter of McLeod, 23 Idaho 257, 128 P. 1106, 43 L.R.A.,N.S., 813; State v. O'Neil, 24 Idaho 582, 135 P. 60; State v. Lundhigh, 30 Idaho 365, 164 P. 690;

ply, such as State v. McMahan, 57 Idaho 240, 65 P.2d 156. That case involved a charge of manslaughter, where a bill of particulars had been demanded and refused by the trial court. It was held that the charge should set forth the acts of the accused which the state would rely upon to constitute the crime of manslaughter, "to enable a person of common understanding to know what is intended." §§ 19–1409, 19–1418, I.C. The defendant is entitled to be advised of the specific charge before he is required to plead or defend.

In the case at bar there is no allegation which could be added to the information for the purpose of accomplishing or furthering either one of the basic purposes served by that instrument. The charge fully advises the accused of the time, place and the occurrence of the accident and injury and of his failure to stop and give the aid and information required by statute. He is fully informed of the charge which he must meet, and it is pleaded with such particularity as to constitute a bar to another prosecution.

Assuming it were proper or necessary to charge that the acts alleged were wilfully and knowingly committed, the information would in such case be merely defective, not void; in which case the appellant must show prejudice to some substantial right.

State v. Sterrett, 35 Idaho 580, 207 P. 1071; State v. George, 44 Idaho 173, 258 P. 551; State v. Bull, 47 Idaho 336, 276 P. 528; State v. Gee, 48 Idaho 688, 284 P. 845; State v. Brooks, 49 Idaho 404,

"No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits." § 19–1419, I.C.

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right." § 19–3702, I.C.

That defendant was in no way prejudiced by the omission of the word "wilfully" from the information is affirmatively shown by the record. The trial court in instructions 18 and 19 required the jury to find, as a condition to conviction, that appellant "knew that his automobile had been or was involved in such accident and wilfully failed to stop his motor vehicle." Thus, the substantial rights of appellant were protected by the court. He was not prejudiced by any defect or imperfection in the form of the information.

It is no answer to say the court could not advise the jury that knowledge is an

288 P. 894; State v. Farnsworth, 51 Idaho 768, 10 P.2d 295; State v. Huff, 56 Idaho 652, 57 P.2d 1080; State v. Sedam, 62 Idaho 26, 107 P.2d 1065.

essential element because it was not alleged. The court advises the jury of the defendant's plea of insanity, ignorance or mistake of fact, unconsciousness of act, misfortune or accident, coercion of husband, or threat of death, and justification or excuse in murder cases; yet the negative of none of these defenses is alleged in the information. Where such defenses are raised by the accused the court must instruct the jury as to the applicable law. That the court did in this case.

Even without repeated legislative admonition the courts should determine causes upon their merits rather than upon technical trivia.

The judgment should be affirmed.